Wheeler, J.
The giving of the bond was the institution of the claim of the. party. If defective when objected to for that cause, it was we think within the province of the court to permit the objection to be obviated by amendment or by giving a new bond.
In support of the remaining ground on which it is proposed to. reverse the judgment, we are referred to decisions of tiie courts of Kentucky and Mississippi, where it seems the practice is for the Appellate Court to revise the judgment of tiie court belowgranting a new trial; and if the new trial was improperly granted, to set aside the proceedings subsequent to tiie first verdict, *20 and maintain flic verdict rendered upon (lie first trial. (4 Mon. R., 4; 7 How. Miss. R., 609.) Sncli seems also to bo the practice in Indiana and Illinois, and perhaps in some other States. (1 Blackf., 47; 1 Gilm. R., 160; 1 Cooke R., 90.) In Mississippi and Illinois this practice is founded on statute. (7 How. Miss. R., 634; 1 Gilm. R., 160.) And, although the references made have not afforded us that information, we think it not improbable that it is matter of statutory regulation in other States where the practice exists. For it is the doctrine of the common law that I he granting or refusing of a new trial rests within the legal discretion of the court, and cannot be assigned as error. (2 T. R., 4; 4 Taunt. R., 555; 2 Ashm. R., 31; 1 Dev. R., 100; 10 Verm. R., 520.)
It is the settled practice of this court to revise the judgment, of the District Court refusing a new trial. But there is no case in which it lias revised á judgment granting a new trial. There seems to be less occasion for the exercise of a revising power in the latter case than in the,former. If a new trial is improperly refused, the injury is irreparable. This may be the case where it is improperly granted, but it is not necessarily so., nor is such the natural or probable consequence. Ordinarily and in the absence of those casualties which may deprive a party of evidence upon the second trial which he had upon the lirst, the presumption is (hat the justice of the case will be as certainly attained upon the second as upon the first trial. For upon the second trial, as Blaclcstone in treating of this subject justly observes, “the parties come better informed, the counsel better prepared, the law is more fully understood, the judge is more master of the subject, and nothing is now tried but the real merits of the case.” (3 Bl. Com., 391.)
Great, injustice, however, may be done by “lending too easy an ear” to applications for new trials. A party whose cause is just may be thus delayed in its prosecution until his witnesses are dead, his evidence lost or destroyed, and his rights ultimately defeated, or if successful in the end, <Tven success may not compensate for the harassment, vexation, and expense of causelessly protracted litigation. But the law does not proceed upon the supposition that the power intrusted to its ministers will he abused. -Its general rules do not contemplate extreme cases. Bor arc such the legitímale or natural consequences of (he discretion with which the courts are invested in granting new trials. And although iu the exercise of that discretion injustice may sometimes be done, there is still this material and obvious distinction between the, improper refusal and granting of a new trial. In the one case the injury is irreparable unless by a revising tribunal; in the other it ordinarily is not so, for another opportunity of obtaining justice is afforded.
But unless the granting of new trials is subject to a revising power it is not easy to perceive what effectual limitation there is upon the discretion of the judge, or how it can justly lie said to be a legal as distinguished from that arbitrary discretion which has been characterized, in the extremely forcible language of Lord Camden, as “ the law of tryants; always unknown; different in different men; casual; depending upon constitution, temper, passion.”
The law, however, iu respect to certain matters does confide in the judge a discretion which, from the nature of the case, cannot be revised, and is subject to no other limit or control than his own moral sense of justice. Such is the power of granting continuances. If a continuance be improperly granted, it' cannot he corrected by a revising tribunal. Yet the injury may be as great as that of improperly granting a now trial.
Whether this court will revise the judgment of the District Court granting a new trial is a question, however, which it docs not become necessary in tlie present case to determine. If the revising power he conceded to authorize a reversal, it must appear that, (here is error in the judgment of the court granting the new trial. Where the revising power is maintained, it is held that when the new trial has been -granted the court must presume that it ought to have been granted unless the contrary appear by the record. (4 Blackf. R., 140; 3 J. J. Marsh. R., 529.)
*21 It is a salutary principle which runs through all Ihe cases upon this subject that in granting now trials regard is always 10 belaid to the merits and substantial justice of the case. And although there may have been irregularities or errors committed on the trial not affecting the merits and justice of the case, a new trial is not therefore to be awarded of course. (2 T. R., 4; 1 Bos. & Pul., 339; Grah, on New Trial, 7, 8.)
Where upon a second trial the verdict is different from the first, to authorize setting it aside and maintaining the first verdict there ought, it would seem, to be reason to apprehend that injustice was done upon the second trial.
In the present case there is no statement of facts, and it does not, therefore, appear upon what evidence either verdict was rendered. The absence of a statement of facts authorizes tlic presumption that justice was done upon tlic ultimate trial. Jt is not upon the ground of any alleged injury or injustice that the judgment is sought to be reversed, but upon the sole ground of the want of a strict and technical compliance with tlie requirements of the laiv in the application for a new trial. It is not stated in the application that the party applying had used due diligence in preparing his case for trial. This it was necessary to have shown to entitle the party to a new trial as a matter of strict’ right. And had tlie court refused the application for tlie want of it, tlie ruling must have been held correct. We have heretofore held that a party applying for a new trial upon the ground of newly-discovered evidence must satisfy the court that the evidence has come, to Ids’ knowledge since the trial, that it is not owing to the want of due diligence that it ivas not discovered sooner, and that it would probably produce a different result upon another trial. (Madden v. Shapard, 3 Tex. R., 49.) What, must he shown on an application upon this ground is stated with brevity and perspicuity by Mr. Justice Woodworth in Porter v. Talcott. “It must appear,” lie says, that there has been reasonable diligence that the new evidence is material, that, it has been discovered since tlie trial, and that it is not cumulative.” (1 Cow. R., 359.) It is especially requisite that the party applying make liis vigilance apparent; for if it is left even doubtful that he knew of the evidence, or that lie might hut for negligence, have known and produced it, his application may well be refused. It can never be permitted to a party to produce just so much evidence as lie may think proper, and ultimately obtain a now'trial on tlic ground that lie did not on tlie first trial give all Ihe evidence which lie then might and which he has since found ho ought to have given. Such a practice, it has been truly said, would he. of most dangerous consequence. (Per. Rush. Prest., 2 Binn. R., 582; 1 Man. & Ryl. R., 683; Grab, on New Trial, 473.)
But although to entitle a party to a new trial upon tlic ground of newly-discovered evidence these essential' requisites of (he, law must be complied with, where tlie new trial was granted tlie judgment will not necessarily be reversed, because the parly does not appear to have brought his application strictly within the rules of law.
This was expressly decided by tlie court of appeals of Kentucky' in flie case of Ewing v. Price, (3 J. J. Marsh, p. 520.) a ease very nearly in point to the present.' The cqurt there say that they will be more inclined to sustain a judgment granting than one refusing a new trial. And they lay down .these rulés:
“When the motion is overruled the judgment, will not be reversed, unless it had been clearly shown that the complaining party has made a good cause conformably to the rules prescribed in such eases.” But—
“When the new' trial is granted (his court will not feel itself bound tore-verse the judgment, unless it appear plainly that there was no good reason for the new trial, or unless there be some-reason for apprehending that justice wiis not eventually administered.”
Tlie new trial bad been granted on tlie ground of newly-discovered evidence, and tlie question upon the application in that case,.as in this, was whether the party applying had used due diligence. Tlie court said the affidavit in support of the application did not show satisfactorily that the party *22 could not, by the exercise of proper diligence. have ascertained all the-facts, and by whom he could prove them, and that it was in other respects defective. They conclude that for these reasons had the Circuit Court overruled the, motion, they would not have disturbed its decision. But as it. did not appear that the facts or requisites for a new trial, omitted to be stated in the affidavit, did not in fact exist within the knowledge of the Circuit Court, it did not therefore appear that the new trial was improperly grunted; and as it did not appear that injustice had resulted fro.m t-ho granting of the new trial, the court affirmed the judgment.
Note 6.—Parker v. Portis, 14 T., 166.
No-ie 7.- In Puckert v. freed, 37 T., 308, it is said that it is a well-settled principio that the discretion of the District Court in granting now trials during the term will not be revised.
The principle of the case, and the correct principle, seems to he that bo authorize (he reversal of a judgment granting a new trial, it must be shown that the court abused its discretion to tlie prejudice of tlie.party who seeks to reverse the judgment.
Such a ease is not, it is conceived, presented by the record before ns.- The court appears to have derived a knowledge of tlie character aud .existence of tlie new evidence from affidavits accompanying' the motion, and in so far to have acted upon the evidence there furnished ; but Hie diligence used by (lie party may have been otherwise made apparent to the court. Every presumption is to be indulged in favor of the judgment. Tlie party may not have shown in tlie motion sufficient to entitle him to a new trial. But we must suppose, unless the contrary liad been made to appear, that there were sufficient reasons apparent to the court, and that the judgment granting the new trial was legal and correct, especially as the party on whom it was incumbent Ip show error, if it existed, has not caused to be embodied in the record a statement of (lie facts.
The statute requires (hat the motion for a new trial “shall be accompanied by a wriiten specification of the grounds on which it is founded, and none oilier than those specified shall be heard.” (Hart. Dig., art. 766.)
Tlie grounds on which a new trial maybe asked are various, as want of notice of trial, misdirection of the judge, misconduct of the jury, a void verdict, a verdict against law or against evidence, excessive damages, newly-discovered evidence, and tlie like.
'The object of tlie statute is simply to require the party making tlie motion by a written specification to direct the attention of the court and the opposite party to that one or more of these several grounds recognized by law on which lie’proposes to base his application for a new trial. Nothing more was, it is conceived, contemplated by the statute. And although a party has no right to be, heard upon any other ground than those specially assigned, yet it could net have been intended to deny to the court the authority in any event to consider any other ground than those, specified. Should a jury, as lias sometimes been the case, return a void verdict, or a verdict finding not the issue, but a matter totally foreign to the issue, upon which no legal judgment can be rendered, it cannot be doubted, we think, that tlie court might ex officio, and without amotion for that purpose, set aside the verdict and direct a new trial. The court would be very cautions in the exercise of this power, yet it is a power which it must possess, and which, it is conceived, the statute was not enacted to take away or control.
The ground on which the new trial was sought in the present case was specified in tlie motion. And although it does not appear affirmatively In the record that there was sufficient cause for granting it, yet it is incumbent on tlie party seeking a reversal of the judgment to show that it is erroneous'; and as it doe's not appear that there was not sufficient cause for granting the new trial, or that it was improperly or erroneously granted, tlie judgment must be affirmed.
Judgment affirmed.
HEMPlllBL.'Oh.' J. 1 dissent.