WiiK'.or.'.tR. ,T.
I entertain the opinion, which I have heretofore expressed,, that tlie judgment of the court granting a new trial is not, in general* subject to revision. But should it be. held otherwise, it is clear that, to authorize a reversal, iL must- appear that the judgment sought to be reversed is erroneous. It does not so appear in the present ease. Por aught that appears, the new trial may have been rightly awarded. There is in the record no statement of (lie fads proved upon the trial, and the verdict may have been rigidly set aside as against the evidence. This objection to the judgment, therefore,, cannot be maintained. (Sweeney v. Jarvis, (6 Tex. R., 37.)
It is unnecessary (o examine severally the errors assigned. The, defendant, having set up certain demands against the plaintiff', it was competent for the-latter to show that those demands rested in former transactions between the parlies which had been settled. This evidently was the. purpose of his amendment (o his petition by way of replication to the answer.
It cannot be, doubted that it was competent for the defendant, by amendment of ids answer, to abandon (he. matters of defense previously pleaded. By so doing lie relieved the plaint iff from the necessity of being prepared with rebutting or explanatory-evidence in respect to those matters, and the court was relieved from the investigation of transactions long since adjusted by the parties themselves and not properly the subject, of litigation in this suit. Those matters were, rightly rejected when sought to bo introduced in evidence by the plaintiff.
It was the right of the defendant under (lie statute to plead, by way of set-off and in reconvention, the judgment described in his amended answer, though not assigned to him until after the bringing of tile suit. The statute authorized the rendition of judgment for the defendant for the excess of his demand above that, of the plaintiff and against him for the costs of the suit. (Hart. Dig.; arts. 008, 009.)
This controversy lias been protracted for years, and, it is to he apprehended, without subserving the real interest of cither party, the ends of substantial justice, or any useful purpose whatever, by attempts, first on the pare of the defendant, and afterwards of the, plaintiff, to bring into litigation in this suit matters which had no proper connection with it. Wb see no reason to doubt that the, case has been rightly decided on the merits. There is no question of' law presented by the record of sufficient difficulty or importance to require a more particular examination. We are of opinion that there is no error in the-judgment, and that it be affirmed.
Judgment affirmed.