## J. W. WELLS v. J. MELVILLE.

The mere fact that more than two days have elapsed since the verdict and before the filing of a motion for a new trial, does not necessarily afford a ground for refusing the motion; because facts might exist that would render it proper to grant the motion. But it is error in the court below, where a new trial has been granted at one term, to set aside at a succeeding term, the order granting it, even though the new trial had been improperly granted.

This court withholds any discussion of the power of the District Court to annul, at one term, the orders of a former term.

ERROR from Lamar. Tried below before the Hon. W. S. Todd.

Suit by the defendant in error against J. W. Wells, on a note for $550 34 cents. Defendant pleaded by a general demurrer or exceptions, general denial, and certain special defences. The exceptions were overruled, and on the trial objections made by him to the introduction of the note, overruled, and bill of exceptions taken by him. Trial, verdict, and judgment for the plaintiff for six hundred and ten dollars and thirty-five cents, rendered on the 23d day of December, 1858.

Defendant filed his motion for a new trial on the 1st day of January, 1859, on the grounds following: error in overruling the exceptions to plaintiff's petition; error in not excluding the testimony objected to by the defendant; and because the verdict was contrary to the evidence. No statement of facts appears in the record.

The motion for a new trial was granted on the day of filing the motion. [The clerk makes a note that no file mark was endorsed on motion, but certifies that it was "filed on the motion docket January 1st, 1859."] At the succeeding term of said District Court, the plaintiff filed a motion to set aside the order above referred to, granting a new trial, and to reinstate the judgment as rendered in his favor, because the motion for a new trial was filed more than two days after the rendition of said judgment; which motion was at said term granted, and decree entered accordingly.

22Y

Wells v. Melville.

The ruling on said last-named motion is assigned by the plaintiff in error as error.

*W. B. Wright*, for the plaintiff in error.

*Murray*, for the defendant in error.

BELL, J.—It was error in the court below to set aside upon motion, its order of a former term granting a new trial of the cause. It does not necessarily follow that the new trial was improperly granted because the motion for the new trial was not made until more than two days after verdict, because facts might have existed that would have made it proper for the court to grant the new trial, although the motion was not made until more than two days after verdict. But even if the new trial was improperly granted, the order granting it ought not to have been set aside at a subsequent term. The motion for new trial ought to have been resisted at the time it was presented to the court, so that in case of a refusal by the court to grant the new trial, the party against whom the judgment was rendered, might have an opportunity to prepare his case for removal to this court, if he should think proper to bring it here.

We forbear any discussion of the power of the District Court to annul, at one term, the orders of a former term.

The judgment is reversed and the cause remanded.

Reversed and remanded.