### CITY OF SAN ANTONIO V. A. McR. DICKMAN.

1. The granting of a new trial reinstates the cause upon the docket as though no trial had been had ; and the court has no authority at a subsequent term, to entertain a motion to set aside the order granting the new trial.    The cases of Secrest v. Best, 6 Texas, 200, and Gorman v. McFarland, 13 Texas, 237, cited and approved.

2. When a motion to set aside an order granting a new trial has been improperly sustained at a term subsequent to the making of the order, a motion is legitimate at a term still subsequent to this last order, to set it aside and reinstate the cause for a new trial.

APPEAL from Bexar.    Tried below before the Hon. George H. Noonan.

The opinion states the case.    After its rendition, counsel for the appellee applied for a rehearing, and cited sundry authorities pertinent to the important questions of practice presented by the case.

No brief for the appellant has reached the hands of the Reporter.

*W. M. Walton*, for the appellee, asked a rehearing on the following grounds :    It appears from the transcript that a valid judgment was rendered.    This judgment was rendered in the year

1868, probably. The court so presumes, and we doubt not correctly.

A motion was made for a new trial fourteenth of March, 1868, and granted; but when granted the transcript does not disclose. But it may be presumed that it was during that (the Spring) term. The case was reinstated.

On the tenth of March, 1869, a motion was made to strike the case from the docket, and was granted same day.

On the first of December, 1870, a motion was made to set aside the order of March 10, 1870, and reinstate the case. This motion was refused. From this order of the court an appeal is prosecuted, being perfected the seventeenth of December, 1870.

The two points made by the foregoing recitation of facts are these:

First—That the motion to reinstate, by setting aside the order of the tenth of March, 1870, came too late.

Second—That, whether or not the motion came too late, the appeal was taken from an order from which no appeal lies; that if an appeal could be taken at all, it was from the order of the tenth of March, striking the case from the docket. Either of these points being found borne out by the law, is decisive of the case.

I. Appellant permitted the Spring term of the court to pass, before making his motion to reinstate, and did not make it until the next.

It is true that the court, during the Spring term, had control of all its orders passed at that term, as every court has, and could have set them aside on mere motion; but after the term of the court passes, then the only mode in which an order can be reached is by an original proceeding in the nature of a bill of review. (9 Texas, 58; 17 Texas, 120; 13 Texas, 444; 18 Texas, 132; 13 Texas, 237.)

The action of the court was had upon an ordinary motion, in a

suit which had been dismissed at a former term of the court. The court could not entertain this motion, because it was not an original proceeding. (Same authorities as above; also 25 Texas Sup., 261.)

The order of the court of the tenth of March finally disposed of the case, and no lawful effort was made thereafter to get rid of such order. There were three modes that might have been pursued: 1. A motion during the term to set aside the order of dismissal and to reinstate the case. 2. By an appeal to the Supreme Court from said order. 3. By an original proceeding in the nature of a bill of review at a succeeding term of the court, praying to set aside the order of dismissal and to reinstate the case.

Neither of these modes was pursued. On the contrary, the very mode which the law cannot and does not recognize was resorted to, viz.; an ordinary motion at a subsequent term.

II. It is respectfully submitted that the refusal of the court to set aside the order of the tenth of March, and reinstate the case, is not such a judgment as will support an appeal.

If the party had proceeded by bill of review, or by a bill of that nature, and the court had refused to grant the prayer, then it is probable an appeal could have been taken; but in this matter there was no such proceeding.

If the party was entitled to an appeal at all, it was from the order of the tenth of March, 1870. He did not appeal from that in time. That order was in March, 1870; the appeal was taken seventeenth of December, 1870.

OGDEN, J.—Judgment by default with a writ of inquiry was entered in this cause in 1858, and the cause was then continued from term to term for several years, not specifically indicated by the record, when a jury was empanneled, and the cause was submitted to the jury under the charge of the court, and a verdict and judgment were rendered.

It may be presumed that this judgment was rendered at the spring term, 1868, notwithstanding, through the great carelessness of the clerk, it bears no date; as at that time a motion for a new trial was sustained, without any question being raised as to the motion not being filed in time.

This motion for a new trial was granted "upon payment of cost by plaintiff." This was most clearly a conditional judgment, as no new trial was to be granted unless the costs were paid; and in Secrest v. Best, 6 Texas, 200, the court held that all such conditional judgments are null and void. But in the case of Gorman v. McFarland, 13 Texas, 237, the court modified the opinion delivered in Secrest v. Best, and held that a conditional new trial was not absolutely void, but that a party wishing to take advantage of it must do so on or before the next term of the court; and in that case the court say. " the passing of a term at which the objection ought to have been made should be regarded as a waiver of the objection." Had this decision never been made, we might be inclined to follow the more certain and logical rule enunciated in Secrest v. Best, but we are not now willing to call into question the able authority upon which the modification rests.

In this cause the new trial was granted at the Spring term, 1868, and at the Spring term, 1869, the defendant by counsel moved to set aside and vacate the order granting a new trial, and the court sustained the motion, and set aside and vacated all proceedings since the rendition of the judgment.

In December, 1870, the plaintiff again moved to set aside the last order and reinstate the cause on the docket for a new trial; this motion was overruled by the court, and from the rulings herein the plaintiff has appealed. It is believed to be a well settled principle, that the granting a new trial in a cause is to reinstate it on the docket as though no trial had been had; and the court has no more authority to set aside an order for a new trial made at a previous term, than it has to strike any other

cause from the docket.    Such an order or judgment would be a mere nullity, and therefore, under the authority of Gorman v. McFarland, we do not hesitate to say that it was erroneous for the court to entertain the motion of defendant to set aside the order granting a new trial, and the order sustaining the motion is null and void; and that the motion of 1870, by the plaintiff, to reinstate the case on the docket, was a legitimate and proper motion, and should have been sustained by the court. And as the motion to reinstate the cause, filed in 1870, was legitimate, it follows, as a matter of course, that appellee's motion to dismiss the cause from the docket cannot be sustained.

The judgment of the district court, entered in December, 1870, in this cause, as well as the judgment of the Spring term, 1869, vacating the new trial, are reversed and the cause reinstated on the docket for trial.

Ordered accordingly.