### O. F. Briggs v. Geo. E. Lane, Jr.

(No. 891, Op. Book No. 2, p. 153.)

Appeal from Falls County.    Opinion by Quinan, J.

§ **960.** *Amendment; officer's return upon an attachment.*    An attachment was levied by the sheriff upon some furniture but in his return upon the writ he omit-

ted to state the furniture was levied upon as the property of the defendant in the writ. The sheriff was permitted to amend his return in this respect. *Held*, that it was within the discretion of the court to permit the sheriff to amend his return, and it was properly exercised. It could work no injury to the defendant to state that the furniture was his property. [Hill v. Cunningham, 25 Tex. 25.]

§ **961.** *Attachment; affidavit for, as to amount due; interest.* It is not a fatal objection to the affidavit for an attachment that it does not state the amount of interest due upon the plaintiff's demand. If it states the principal sum due, that is sufficient. The legal interest being a legal incident to the plaintiff's demand, that would follow as a matter of course. [Wright v. Ragland, 18 Tex. 289; Barbee v. Holder, 24 Tex. 225; Morgan v. Johnson, 15 Tex. 569; Primrose v. Roden, 14 Tex. 1.]

§ **962.** *New trial; action of court granting a, not revisable.* Even if a new trial has been erroneously granted, the error is not the subject of revision on appeal, except, perhaps, in a strong case. [Sweeney v. Jarvis, 6 Tex. 36; Hughes v. Maddox, 6 Tex. 90.] And certainly not where, as in this case, there is no statement of facts. [Parrott v. Underwood, 10 Tex. 48.]

June 2, 1880. Affirmed.