## BRANNON v. WILSON.  (No. 2278.)

(Court of Civil Appeals of Texas.  Amarillo.
Feb. 27, 1924.  Rehearing Denied
March 26, 1924.)

1. **Judgment ⬙191—Entry of, necessary to determine rights of parties.**

The court must announce judgment to determine the rights of the parties, since the verdict settles neither the law nor the rights.

2. **Judgment ⬙210—May be rendered at succeeding term, where matter passed over as "business remaining undetermined."**

Where judgment was not rendered at the term when the verdict was rendered, the matter passed over to the next term as "business remaining undetermined," and the court could render judgment at the succeeding term, under Rev. St. art. 1919.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business.]

3. **Judgment ⬙381—Court authorized to set aside judgment at same term on own motion.**

The court has authority on its own motion, and without notice to the interested parties, to set aside a judgment entered at the same term.

4. **New trial ⬙165—Order granting may not be set aside at subsequent term.**

An order granting a new trial, though not a final judgment, may not be set aside at a term subsequent to its rendition.

5. **Judgment ⬙345—Interlocutory judgments may be set aside even at subsequent term of court.**

The general rule is that, until final judgment is rendered, all interlocutory judgments are within control of the court, and may be set aside even at a subsequent term.

Appeal from Lubbock County Court; P. F. Brown, Judge.

Suit by A. L. Brannon against E. E. Wilson.  Judgment for defendant, and plaintiff appeals.  Reversed and remanded.

Spencer & Randal, of Lubbock, for appellant.

Baldwin & Koons, of Slaton, for appellee.

BOYCE, J.  A. L. Brannon brought this suit against E. E. Wilson on a note for the sum of $715, executed by Wilson, and to foreclose a chattel mortgage on a farm tractor.  The defendant answered that the note was given in part payment for the tractor, which was sold by plaintiff to defendant for the sum of $1,415, $700 cash, and the note sued on; that the plaintiff made certain representations and warranties as to the condition of such tractor; that the representations were false and the warranties broken; that the value of the tractor did not exceed $415, and defendant is entitled to judgment for the sum of $1,000, the difference between the value of

the tractor and what he paid for it; that if defendant is not entitled to recover on this theory he is entitled to recover the sum of $1,000 damages on account of expenses incurred and loss of crops resulting from the failure of the tractor to come up to the representations and warranties made by plaintiff in its sale.  Trial of the case was had before a jury at the November, 1922, term of the county court, and the jury returned a verdict in response to special issues, finding (1) that the reasonable market value of the tractor, after certain work had been done on it by plaintiff's agent, was $600; (2) and (3) that the defendant sustained damages in the sum of $1,000 in expense, loss of time, crops, etc., as a result of the failure of the tractor to work.  No judgment was entered at the November term of the court.  At the succeeding January, 1923, term the following judgment was entered:

"Whereas, at a former term of this court this cause was called for trial and both parties, plaintiff and defendant, appeared in person and by attorney, and a jury having been duly and regularly impaneled and sworn, and after the pleadings were read and the evidence introduced, this cause was submitted to them upon the following special issues, to wit: And the jury having returned into court their verdict upon special issues at said term of the court, and the court having not rendered any judgment upon said issues at said November term, of this court, having taken said case under advisement, now on this the 7th day of February, 1923, at a regular term of this court, the court having considered said special issues, here and now renders judgment in favor of E. E. Wilson and against A. L. Brannon for the sum of $7.07 and all costs of suit, further rendering judgment that plaintiff take nothing from defendant.  And, after said judgment was rendered, the court here and now sets aside said verdict and judgment, and grants the plaintiff, A. L. Brannon, a new trial, and this cause is continued by operation of law to the next regular term of this court."

At a succeeding term of the court, in August, 1923, defendant filed a motion to set aside the foregoing judgment and for a nunc pro tunc entry of judgment on the verdict of the jury.  In support of this motion it was alleged that, after the return of the verdict of the jury, the "court deferred action in the matter, and did not enter judgment as the law directs, although the same was repeatedly called to his attention; * * * that this court never at any time set a date for hearing on said verdict, but held the matter in abeyance"; that said judgment was entered without motion therefor and without notice to the defendant or his counsel, though they were readily accessible to notice; that both before and after the entry of said judgment defendant and his counsel inquired of the court as to the status of such matter, and was at all times informed that "nothing

had been done"; that defendant and his counsel were thereby "led to believe and did believe that said matter was still open and not decided by the court, and that no action would be taken therein by the court without notice to the defendant or to his said counsel"; that shortly before the filing of the motion defendant's counsel for the first time learned of the entry of the order of Feb. 7, 1923; "that the law and facts support a judgment for this defendant, and defendant was entitled to have a judgment rendered in accordance with the verdict of the jury and the laws of the state of Texas; that in any event he was entitled to notice as to when the court would have a hearing on said cause; that because of the facts herein set forth, both in the motion and in the statement in support of the motion, and because said hearing was ex parte, illegal, void, and an unwarranted denial of justice to the defendant, the motion hereto attached should be promptly granted, and judgment should be entered in this cause, nunc pro tunc, for the defendant." On October 6, 1923, the court granted this motion, and entered judgment canceling the note sued upon and giving judgment for defendant for the sum of $7.07. This judgment contains the following recitals:

"The above-entitled and numbered cause came on for trial at a former term of this court, to wit, at the November term, 1922, on the 15th day of December, 1922, and the parties hereto, plaintiff and defendant, appeared (then follows recitation of trial and submission of issues to the jury, with return of verdict on the 16th day of December, 1922), and it appearing to the court that the judgment of the court upon said verdict of the jury was not entered in the minutes of this court at the said November term, 1922, and that on the 7th day of February, 1923, at the January term, 1923, of this court, there was entered in the minutes of said court what purported to be a judgment in said cause, based upon the verdict of the jury, without any written motion therefor and without any motion for a new trial, and that said entry was made without the knowledge of or notice to either the defendant or his counsel, and said judgment then attempted to be made and entered was not full, complete, and explicit, and did not recite the facts and is not a full and complete judgment of the court, and that the order made in said purported judgment, undertaking to set same aside, and to grant plaintiff a new trial, was unauthorized and should be held for naught, and the defendant herein having asked the court to enter in the minutes of this court, or cause to be entered in said minutes, this judgment so rendered upon said verdict of the jury herein, nunc pro tunc, and it appearing to the court that such request should be granted, it is therefore ordered, adjudged, and decreed by the court that said judgment as herein contained and set forth be entered in the minutes of this court nunc pro tunc, based upon the said verdict of the jury as rendered at the November term, 1922, of this court as follows: [Then follows the judgment awarding relief as stated.]"

At the same time the court entered a separate order, setting aside the judgment of February 7, 1923.

The plaintiff's motion for new trial as to these October judgments was overruled, and he appeals.

The appellant and the appellee brief the case on different premises of fact. That of the appellant is that no judgment was rendered at the November, 1922, term, at which the jury verdict was returned, and from this premise he proceeds to argue, as a matter of law, that the court then had the power to render judgment at the succeeding term and to set aside the judgment so entered. His second premise is that the order granting a new trial was a genuine order of the court, and his legal conclusion thereon is that, although it may have been error to grant the new trial, the court was without power to set the order aside at a subsequent term of the court. On the other hand, the appellee insists that it appears from the record that the court rendered judgment on the verdict of the jury at the term at which the verdict was returned, although this judgment was not entered on the minutes at such time. From this premise he argues that the court was without power to grant a new trial at a subsequent term, but had the power to enter judgment nunc pro tunc, as he did. Appellee further says that the judgment of February 7, 1923, and the order therein contained, granting a new trial, was spurious, being entered on the minutes without authority from the judge, not being his act, so that the court had the power to expunge it from the record. It is therefore necessary, before entering upon a discussion of the law of the case, to announce a conclusion as to these divergent claims as to the facts. There is no statement of facts or finding of facts made by the court except those embodied in the judgment and orders already referred to.

It will be noted that there is no unequivocal statement in the judgment of October 6, 1923, that the court rendered judgment on the verdict of the jury at the November term, 1922. There is an unequivocal statement in the judgment of February, 1923, that no judgment was rendered at the November, 1922, term, but that the court then held the matter under advisement. The judgment of October 6, 1923, does not unequivocally say that his express recital of February, 1923, judgment was false. It does say that the February judgment "did not recite the facts." That is an equivocal statement, and does not mean much in the state of the present record. The October judgment does not say that the February judgment was spurious; that it was not the act of the judge; and that its entry on the minutes was without his knowledge or consent. The nearest the judgment comes to making any such state-

ment is in the recital that "the order made in said purported judgment, undertaking to set same aside and to grant plaintiff a new trial, was unauthorized, and should be held for naught." This statement is itself equivocal. The appellee's present contention as to both of these matters is inconsistent with the allegations of his motion to set aside the order granting the new trial and for entry of a judgment nunc pro tunc. In that motion he expressly alleged that the rendition of judgment after the return of the verdict at the November, 1922, term was held in abeyance. He nowhere alleges that the judgment was entered without authority of the judge. He did complain that it was wrong because entered without notice to defendant or his attorney, and therefore the "ex parte hearing was illegal, void, etc." The recitals of the judgment of October 6, 1923, are entirely consistent with the conclusion that the court adopted the contention of the law of the case as urged in defendant's motion referred to. Under these circumstances we are of the opinion that we would not be warranted in saying that the equivocal statements referred to indicate that the court rendered the judgment appealed from on a theory not presented by pleadings before the court, or that they show a finding that the express and unequivocal statements in the February judgment were false, and that the February judgment was spurious. If the February judgment was spurious and should be expunged from the record, it would have been an easy matter for the court to have said so in unequivocal language, and in the condition of the record we are not inclined to think that such was his finding. We therefore proceed to a disposition of the case on the theory of facts as advanced by appellant.

[1-3] The verdict was in response to special issues, and it was "necessary for the court to announce the judgment—the legal conclusion thereon, because the law is not determined by the special verdict nor the rights of the parties fixed thereby." Carwile v. Wm. Cameron & Co., 102 Tex. 171, 114 S. W. 102. Since this was not done at the November term, we take it that such matter passed over to the next term, as "business remaining undetermined," and that the court had the power to render the judgment at the succeeding term. Revised Statutes, art. 1919; McCoy v. Texas Power & Light Co. (Tex. Com. App.) 239 S. W. 1115 (10); G. C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S. W.

897, 4 A. L. R. 613; Prescott-Phœnix Oil & Gas Co. v. Gilliland Oil Co. (Tex. Civ. App.) 241 S. W. 775. Even if this were not so and the power of the court to render judgment on the special verdict ended with the ending of the term, then the entry of the judgment of October 6, 1923, would be unauthorized, and the result as to the present disposition of the case would be the same. The court had authority on its own motion, and without notice to the interested parties, to set aside the judgment rendered at the same term. Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053. We conclude, therefore, that the order granting the new trial was a valid judgment, though perhaps the court proceeded irregularly and erroneously in such matter.

[4, 5] The next question is whether the court had the power at a subsequent term to set aside the order granting a new trial. On general principles it might seem that the court did have such power. The order granting a new trial was not a final judgment. McCoy v. Texas Power & Light Co. (Tex. Com. App.) 239 S. W. 1111, 1114; Black on Judgments, §§ 21, 33 and 34. It is the general rule that until final judgment is rendered all interlocutory judgments are within the control of the court, and may be set aside even at a term subsequent to that of their rendition. McCoy v. Texas Power & Light Co., supra; Black on Judgments, §§ 306, 308; 15 R. C. L. p. 692, § 144. But our Supreme Court has held, and that seems to be generally the holding of other courts, that an order granting a new trial may not be set aside at a subsequent term. Wells v. Melville, 25 Tex. 337; San Antonio v. Dickman, 34 Tex. 647; Cook County v. Calumet Co., 131 Ill. 505, 23 N. E. 629. For other cases see notes in Ann Cas. 1913B, p. 486. To the contrary, see Evans v. Freeman (C. C.) 149 Fed. 1020, and dissenting opinion in the case of Cook County v. Calumet Co., supra. The complications that might follow a holding that a court might, at a later term, set aside an order granting a new trial and reinstate its former judgment, are readily perceivable, and may have had some influence in determining the conclusions reached by the courts as to such matters. At any rate, we feel bound to follow the decision of the Supreme Court of this state.

The judgment of the lower court appealed from is therefore reversed, and the cause remanded for a new trial.