## STOUT v. HART.

### No. 5791.

Court of Civil Appeals of Texas. Amarillo.
April 28, 1947.

Rehearing Denied May 26, 1947.

484

Davison & Irvin, of Lubbock, for appellant.

McGowan & McGowan, of Brownfield, for appellee.

LUMPKIN, Justice.

Mrs. Ruth Stout, appellant, brought this action for damages against E. Brown Hart, appellee, in the County Court of Terry County, Texas, for the conversion of a piano. Hart defended the suit on the grounds of limitation and alleged he had received the piano as a gift. This appeal is from the second trial of the case. In the first trial, the appellant won a jury verdict. A new trial was granted on the grounds of newly discovered evidence; and upon a second trial, the jury returned a verdict in favor of Hart. On this verdict the court rendered judgment.

Appellant and appellee's wife are sisters. About thirty years ago, and while appellant was living with her husband, Floyd Stout, from whom she is now divorced, their daughter, Mildred, received a piano as a gift from her grandmother. Several years later the Stouts moved from Lubbock and, because of the difficulties involved in transporting the piano, they left it at a rooming house. There, under no particular arrangement, it remained for several years. Later the appellee, while visiting the Stouts in Hall County, where the family had recently moved, was told by Floyd Stout he might have the use of the piano. Stout, according to appellant, was to call for the piano at some future time. Appellee agreed to such a proposal and some time in the fall of that year (about 1929), appellee at his own expense moved the piano from Lubbock to his home in Terry County, where it remained to the date of this trial. Appellant testified that in the fall of 1945 her daughter asked her to sell the piano for whatever she could get for it. Pursuant to these instructions, she sent a prospective buyer to inspect the piano, only to learn that appellee was asserting a claim to it. On November 30, 1945, Mrs. Stout received a letter from her sister, appellee's wife, in which she was told not to send any one else to look at the piano. According to appellant, this was the first notice she or her daughter had that appellee, or any member of his family, was asserting a claim to the piano. Soon thereafter Mildred gave the piano to her mother, the appellant. Mrs. Stout testified that the reasonable market value of the piano at the time of the alleged conversion was $225. By deposition Floyd Stout and Mildred testified that the piano was loaned to appellee.

The appellee stated he received the piano as a gift from Floyd Stout; that later this gift was ratified and confirmed by Mildred. He testified he had had continuous possession of the piano for sixteen or seventeen years and claimed it as his own.

In answer to the special issues submitted, the jury found that the piano was given to appellee by Floyd Stout; that Mildred, appellant's daughter, ratified and confirmed the gift after she reached the age of twenty-one years; that appellee had peaceful, open and continuous possession of the piano for a period of two years prior to the

date on which this suit was filed; and that the reasonable market value of the piano in November, 1945 was $75.

■ The appellant in attacking the court's judgment contends the granting of a new trial on the grounds of newly discovered evidence was an abuse of the court's discretion. This contention and the assignment of error thereunder cannot be considered by this court because the order setting aside the former judgment and granting the new trial was interlocutory and was not such a final judgment as can be reviewed on this appeal. Stewart v. Jones, Adm'r, 9 Tex. 469; Clay Lumber Co. v. Patterson, Tex.Civ.App., 28 S.W.2d 825. See also Bledsoe v. Burleson, Tex. Civ.App., 289 S.W. 143.

■ Appellant's second assignment of error concerns the manner in which the question of limitation was submitted to the jury by the trial court. Appellee testified to a conversation with Mildred in which she told him "she never intended to move the piano, and I could have it". Though the time and place of this conversation is not shown, it is reasonably deducible from the evidence that it took place subsequent to appellee's talk with Floyd Stout in 1929 and previous to the time appellant claimed the piano in 1945. Since appellee had possession of the piano, delivery was unnecessary. This conversation of Mildred, together with the possession of the piano, is legally sufficient evidence, despite appellant's contention to the contrary, to make out for the appellee a prima facie case of gift. The question of limitation, in our opinion, is not in this case and, therefore, the submission of the special issue concerning it was harmless. By deposition, Mildred testified she did not give the piano to appellee. Whether appellee's report of Mildred's conversation or Mildred's denial, as given in her deposition, is to be the controlling evidence in determining if a gift were made presents a question of fact to be answered by the jury. The jury determined this fact by answering the special issues submitted by the trial court. The jury's answers favored the appellee and the trial court's judgment for the appellee was properly based on the jury verdict. Ward v. Jones, Tex.Civ.App., 293 S.W. 604; 38 C.J.S., Gifts, § 24, page 803.

■ Appellant complains the trial court erred in admitting in evidence the conversations between Floyd Stout and appellee as hearsay, for the reason Floyd Stout was not a party to the suit. Appellee's testimony and that of his daughter, Mrs. Viola Hough, shows appellant to be present at the purported conversations and, therefore, we do not consider them hearsay. Appellant objected to the testimony concerning the conversation between Mildred and appellee as hearsay. Because the piano belonged to Mildred, this testimony was not hearsay.

After a careful review of the record, the judgment of the trial court is affirmed.

## On Motion for Rehearing

PER CURIAM.

Appellant has filed a motion for rehearing in which she earnestly insists that we erred in holding that the order of the trial court setting aside the judgment rendered in her favor upon the first trial of the case was interlocutory and therefore it could not be reviewed in this appeal. She cites us to the case of Stewart v. Jones, 9 Tex. 469, and insists that our holding in the original opinion is directly in conflict with the Supreme Court in that case.

It is evident that appellant is confused as to the conclusion and holding of the court in the Stewart case. Unfortunately the writer of the opinion in that case used the term "Set aside and have a new trial granted" when, in reality, he was referring to the order that was entered by the trial court in the hearing upon the application of Jones for a bill of review in which the final judgment in favor of Stewart in the first trial would be re-examined. The application was granted by the trial court and, by agreement of the parties, the case was passed for trial until the next term. It is evident from the opinion and the preceding statement of the case that Stewart was attempting to appeal from the order of the trial court granting to Jones a bill of review upon the allegations made in Jones' application therefor that fraud had

486

been perpetrated by Stewart in procuring the former judgment. The case made by the application in which fraud was alleged had not been tried, but had been continued until the next term. The holding was that the order granting the application for a bill of review was interlocutory and could not be considered on appeal until the case had been re-examined and final judgment rendered upon the merits of the application for the bill of review. The holding expressed in the closing sentences was, in effect, that "If it was erroneous to grant the application for a bill of review, the error could only be revised after the final disposition of the case upon the issues made by the allegations in the application for a bill of review in equity, because the case had not been tried upon those allegations." It was still pending in the trial court. To state the matter in another way, when the court used the term "Set aside" in reference to the first judgment, it was not referring to the order entered upon the motion for a new trial after the first trial in which the judgment at law was set aside and a new trial granted; it was referring to the order entered upon the application of Jones for a bill of review, which was purely interlocutory and the question of whether or not the trial court erred in granting the application and entering the order could not be reviewed by the Supreme Court until the issues made by the application for a bill of review had been tried upon the merits and a final decree entered thereon. Then, and not until then, could the court pass upon the question of whether or not error had been committed in granting the application for a bill of review. Taylor, Knapp & Co. v. Fore, 42 Tex. 256; Overton v. Blum, 50 Tex. 417; Squyres v. Rasmussen, Tex. Civ.App., 296 S.W. 977.

A careful reading of the Stewart case and the cases we have just cited will show that, instead of being in conflict with the Stewart case, our conclusions are in consonance with it, and that case is direct authority for our holding in the original opinion.

We find nothing in the motion for rehearing which change our views as expressed in the original opinion and the motion will therefore be overruled.