## M. W. FRUIT CO. et al. v. BIERBAUER.

### No. 11874.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 27, 1948.

Rehearing Denied Nov. 24, 1948.

Tom L. Hartley, of Pharr, Victor C. Rochelle, of McAllen, and Billy B. Goldberg, of Houston, for appellants.

Oxford & Ramsour, of Edinburg, for appellee.

NORVELL, Justice.

The appellee, Anton Bierbauer (plaintiff below), is engaged in the business of caring for citrus orchards in the Lower Rio Grande Valley of Texas. These orchards are generally owned by nonresidents of the locality, or by persons who do not have the necessary equipment to carry on cultivating, spraying and other processes necessary to mature a crop of citrus fruit. As a part of his duties as caretaker he also superintends the selling of the citrus crops when matured.

The appellant M. Weisfeld does business as the M. W. Fruit Company and is engaged in the buying and selling of citrus fruit. It seems that in the spring of 1946 Weisfeld purchased from Bierbauer certain Valencia (late) oranges, which had been grown on orchards being cared for by Bierbauer.

On October 18, 1946, the parties met, inspected certain orchards and entered into a short memorandum agreement which read as follows, to-wit:

"Oct. 18, 1946

"This is to say that A. Bierbauer has sold to M. W. Fruit Co. all early oranges under his control, both pineapple and Hamlin at $50.00 per ton, to be harvested by Dec. 15th.

"M. Weisfeld
"A. Bierbauer"

Bierbauer sued Weisfeld for breach of this contract, contending that Weisfeld failed to take all the early oranges from thirteen orchards which were under the

control of Bierbauer and owned by certain persons named in the petition.

The case was submitted to a jury upon special issues and no objections were made to the form or method of submission employed.

The subject matter of the contract made by the parties was "all early oranges under his (Bierbauer's) control, both pineapple and Hamlin," and the main controversy in the trial court seems to have been as to the identity of orchards under Bierbauer's control at the time the contract was made. Evidence was introduced by both sides and the trial court submitted the issue by means of the following inquiry:

"Question Number 1: Do you find from a preponderance of the evidence that on the 18th day of October, 1946, the Plaintiff Bierbauer had under his control the early oranges, both Hamlin and Pineapple, in the groves of the following named persons, to-wit: (Answer each subdivision of this question 'Yes' or 'No')."

There then followed the names of the thirteen parties which appellee alleged were the owners of the orchards controlled by him and covered by the contract.

The jury answered all thirteen of these subdivisions of the issue, "Yes".

A second issue submitted and the answer thereto was as follows:

"Question Number 2: Do you find from a preponderance of the evidence that on the 18th day of October, 1946, before M. Weisfeld and Anton Bierbauer had signed the memorandum of that date, that Anton Bierbauer represented to M. Weisfeld that the only oranges under his (Bierbauer's) control were the groves which he (Bierbauer) had on that date shown Weisfeld? (Answer 'Yes' or 'No')

"We the Jury Answer: No."

This issue was submitted in accordance with a pleaded theory of fraud advanced by appellant. There were also certain other issues submitted conditioned upon an affirmative answer to said "Question Number 2" being returned. These issues were not answered by the jury, in accordance with the court's instructions.

Based upon the answers to the issues above set out judgment was rendered against Weisfeld and his surety, Continental Casualty Company, the surety's liability being limited by the amount of the bond given in accordance with the provisions of the Citrus Fruit Growers Act, Article 118b, Vernon's Ann.Civ.Stats.

No question as to the measure of damages nor the evidence to support the monetary recovery awarded is raised upon this appeal, except as to the allowance of interest hereinafter noticed.

This statement of the case is necessary for the reason that appellants, under their first point, argue matters which seem to bear upon the sufficiency of the evidence. Appellants' first point reads as follows:

"The Contract sued upon as alleged is too vague, indefinite and uncertain to be a binding contract and is not sufficient to support the judgment, and the Court erred in overruling Defendants' special exception in paragraph Roman Numeral 'I'."

Paragraph "Roman Numeral 'I'" of the answer was divided into two parts. The first part reads as follows:

"1. Defendants especially except to paragraph 3 * * *, wherein Plaintiff undertakes to allege a contract with Defendants, and says that such allegations in said paragraph, and elsewhere in the said petition, are insufficient in law to show that Defendants entered into a binding contract, for the reason that the contract alleged is too vague, indefinite and uncertain in the following particulars:

"a. It is not clear whether the Plaintiff is suing upon a written or an oral contract.

"b. Description of the fruit involved in the alleged contract is set forth merely as fruit 'under the control of the Plaintiff and the Plaintiff had a right to sell' without further adequate identification of said fruit."

The second part of the "paragraph" presents the contention that the agreement can not be enforced because of the provisions of Article 118b, §§ 10 and 13, Vernon's Ann.Civ.Stats. The article is apparently inapplicable to the contract here

involved. The contention is not briefed and need not be further noticed.

■ In our opinion, the point and the assignment upon which it is based do not present the issue of the sufficiency of the evidence. Rule 324, Texas Rules of Civil Procedure, provides that in jury cases (subject to certain exceptions not applicable here) an assignment in a motion for new trial is a prerequisite to the right to complain on appeal. We cannot construe an assignment urging an error with reference to a ruling upon the pleadings as presenting a question of the sufficiency of the evidence.

We will consider the issue which is properly raised by the point and assignment. The petition contained allegations as follows:

"That on or about the 18th day of October, 1946, the defendant, M. Weisfeld, approached the plaintiff and desired to purchase all of the early oranges that plaintiff had under his control, including both Hamlin and pineapple oranges. That after some discussion it was finally agreed by the plaintiff and defendant, M. Weisfeld, that the plaintiff would sell, and the defendant would buy all pineapple and Hamlin oranges that the plaintiff had charge of, and that were under the control of the plaintiff, and that the plaintiff had a right to sell. That the price agreed upon between the parties was $50.00 per ton on the trees, and the defendant agreed to harvest said fruit by December 15th of 1946. That on or about the 18th day of October, 1946, the plaintiff and defendant not having access to a typewriter, and only having access to a small notebook, made a very short memorandum of said contract in writing; which memorandum was signed by A. Bierbauer and M. Weisfeld, a copy of which memorandum is attached hereto, marked Exhibit 'A', and made a part hereof. That at the time and prior to making said contract, the plaintiff had under his control, and had the right to sell the fruit from groves of the following persons:

| "George Schaus | T. M. Townsend |
| H. L. Hoffman | W. C. Saner |
| A. B. Johnson | G. W. Lundgren |
| Hazel Jones | U. F. Isaacs |
| R. F. Wilder | Brinkman Estate |
| N. M. Van Duzer | N. Anderson" |
| R. Klawitter | |

Exhibit "A" is the short memorandum agreement heretofore set out.

■■ We are of the opinion that the pleadings are sufficient. Rules 45 and 47, R.C.P. The rule is well established that a description which furnishes the means of determining the particular property covered by the contract is legally sufficient. Milner v. Schaefer, Tex.Civ.App., 211 S.W.2d 600, wr. ref. This rule is applicable to all contracts including those within the statute of frauds and the statute of conveyances. Vernon's Ann.Civ.St. arts. 1288, 3995.

■ The objection of appellants to the phrase, "all early oranges under his (Bierbauer's) control, both pineapple and Hamlin" seems to be that Bierbauer was in a better position to show what fruit was under his control than was Weisfeld. It is suggested that Bierbauer could and did claim certain orchards were under his control when actually they were not. These matters were passed upon by the jury, as was appellants' contention that Bierbauer had been guilty of fraud in his dealings. These findings were not directly attacked and consequently can not be set aside.

■ From the directions contained in the contract the subject matter thereof may be ascertained. The contract is therefore not unenforcible because of uncertainty. Burris v. Hastert, Tex.Civ.App., 191 S.W.2d 811; Wilson v. Wagner, Tex.Civ. App., 211 S.W.2d 241; Hooper v. Bell, Tex.Civ.App., 210 S.W. 870; W. R. Flow Company v. Friesen, Tex.Civ.App., 213 S.W.2d 873. We overrule appellants' first point.

■■ By their second point appellants contend that appellee is not entitled to bring this action. It is asserted that there is a defect in parties plaintiff. No exception raising the question was made in the trial court and the sufficiency of the pleading in this particular can not now be raised. The evidence shows that appellee was authorized to sell the fruit of the various parties named in the petition and collect the money therefor, and that he was entitled to a part of the proceeds of the sale.

It further appears that the orchard owners consented to the filing of this suit and testified that Bierbauer was in control of their orchards and authorized to sell the fruit growing thereon. Bierbauer contracted in his own name on behalf of principals then undisclosed. By agreements with said principals he had an interest in the subject matter of the lawsuit. We hold that under the facts Bierbauer was authorized to maintain this action. Hunter v. Adoue & Lobit, 38 Tex.Civ.App. 542, 86 S.W. 622; 2 Tex.Jur. 576, § 166. Appellants' second point is overruled.

Appellants' third point complains of the allowance of interest from January 1, 1947, to the date of judgment, April 20, 1948.

Article 5070, Vernon's Ann.Civ.Stats., reads as follows:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made."

The contract provided for the payment of $50.00 per ton. The sum was payable upon the harvesting of the oranges which was to be completed by December 15, 1946. Article 5070 is therefore applicable. Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S.W. 193.

The fact that the damage award, consisting of the amount specified in the contract plus interest allowed by statute, is lessened by the sum received for the fruit upon sale after the breach of the contract does not render the statute inapplicable. The amounts received from such sales are credited in mitigation of the damages which in the first instance are determined by a written contract. Appellants' third point is overruled.

The appeal is from a judgment rendered upon the second trial of this cause. In the first trial the jury answered the issues submitted favorably to appellants and a judgment was rendered that Bierbauer take nothing. This judgment was set aside by the trial court because of jury misconduct and a new trial ordered.

By their fourth point appellants assert that the trial court erred in granting the new trial.

In Sweeney v. Jarvis, 6 Tex. 36, the Supreme Court said:

"Where, upon a second trial, the verdict is different from the first, to authorize setting it aside and maintaining the first verdict, there ought, it would seem, to be reason to apprehend that injustice was done upon the second trial."

It further appears to be well settled that the action of the trial court in granting a motion for new trial is not reviewable on appeal. Parrott v. Underwood, 10 Tex. 48; Puckett v. Reed, 37 Tex. 308; Citizens Nat. Bank v. E. V. Graham & Co., Tex.Civ.App., 25 S.W.2d 636. Appellants' fourth point is overruled.

By their fifth point appellants complain of the action of the trial court in excluding the testimony of the witness Howerton to the effect that he had purchased early oranges from one Roy Saul on October 21, 1946. Saul's tract of land was not involved in this litigation. Although it appears that Bierbauer did some work on the Saul orchard, he did not contend that he controlled the sale of the fruit grown thereon. The fact that he did not control the sale of the Saul fruit is not evidence that he did not control the sale of fruit from the orchards described in the petition. The trial court correctly held that the evidence was beyond the bounds of legal relevancy. We overrule appellants' fifth point.

Having examined all of appellants' points and being of the opinion that none of them discloses a reversible error, the judgment of the trial court is affirmed.

SMITH, C. J., and MURRAY, J., concur.