Irvin A. EBAUGH et al., Appellants,

v.

STATE of Texas, Appellee.

No. 10800.

Court of Civil Appeals of Texas.

Austin.

Jan. 11, 1961.

Rehearing Denied Jan. 25, 1961.

Ernest Morgan, San Marcos, Cofer & Cofer, Douglass D. Hearne, Austin, for appellant.

Will Wilson, Atty. Gen., H. Grady Chandler, Joseph G. Rollins, L. P. Lollar, Asst. Attys. Gen., Austin, for appellee.

GRAY, Justice.

This is a condemnation case and the appeal is by the condemnees.

The proceedings were begun by the State to condemn for highway purposes two tracts of land belonging to Irvin A. Ebaugh and his wife Henrietta L. Ebaugh and on which land Roscoe Watson held a lien.

Two jury trials were had at which trials only the question of damages was in issue. The first trial began November 10, 1959 and on November 12, 1959 a judgment was rendered, on the jury's verdict, awarding appellants $12,106.90 as the value of the two tracts of land taken by the State. On November 18, 1959 the State filed its motion for new trial asserting that improper arguments were made to the jury by appellants' attorneys and that the verdict of the jury was excessive. On November 20, 1959 the trial court granted the State's motion for a new trial to which action appellants excepted. No further action appears to have been taken or had until January 18, 1960 when a second jury trial was begun and again the only issues submitted and found by the jury was the amount of damages. On January 29, 1960 the trial court entered judgment, on the jury's verdict, awarding appellants $6,600 for the taking of the two tracts of land. On February 5, 1960 appellants filed their motion for new trial asserting that the trial court erred and abused his discretion in granting the State's motion for new trial on November 20, 1959. This action of the trial court presents the questions for decision on this appeal.

Appellants here present two points. The first is that the trial court erred and abused his discretion "if it had such discretion, in setting aside the jury verdict of Novem-

ber 10, 1959, and in setting aside its judgment rendered upon that verdict on November 12, 1959, and in granting appellee, the State of Texas, a New Trial."

Then follows six subparagraphs setting out the State's allegations for a new trial.

Appellants' second point is:

"The trial court erred and abused its discretion in setting aside the jury verdict of November 10, 1959, and in setting aside its judgment rendered upon such verdict because there was no good reason for granting a new trial and the granting of a new trial clearly amounted to an injustice to appellants."

These points urge us to review alleged errors of law committed by the trial court at the first trial and not to correct mere clerical errors in entering judgment.

The record before us brings forward, by bill of exceptions approved and filed February 19, 1960, the proceedings of the first trial including the statement of facts of that trial.

What has been said makes it clear that we are here asked to review and set aside the action of the trial court granting the State's motion for new trial on November 20, 1959. Appellants do not complain of alleged errors committed at the second trial other than as stated supra but complain only of alleged errors having their origin in the first trial—the granting of a new trial.

The caption of the transcript before us recites:

"The State of Texas }
County of Hays }

"Be It Remembered, That there was begun and holden the Regular Terms of the Honorable County Court of Hays County, Texas, in the Court House thereof, in the City of San Marcos, Texas, on the Fourth Monday in October, A.D.1959; the same being the 26th day of October, A.D.1959,

and the Fourth Monday in January, A.D.1960; the same being the 25th day of January, A.D.1960, with the following Members of said Court present, to-wit:"

Appellants' motion filed February 5, 1960 wherein they prayed that the judgment of January 29, 1960 be set aside and that the judgment of November 12, 1959 be restored and reinstated were both filed and over-ruled at a term of the court subsequent to the October 1959 term which was the term at which the complained of motion was granted. These occurrences were also more than thirty days after the complained of order was entered.

In Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962, 966, the court considered a bill of review filed at a subsequent term of court to set aside a judgment rendered at a prior term. The court there said:

"It has been well said that in ordinary cases the trial judge has a certain amount of discretion in granting new trials during the term. However, no such discretion can be exercised after the expiration of the term. The judgment then becomes a vested right which can only be divested by a direct proceeding filed for that purpose, and, when such a proceeding is resorted to, the person presenting the bill must bring himself strictly within the rules of law providing for relief in such cases."

The right to exercise discretion by the trial court in granting or refusing the motion for a new trial ceased when the term at which the motion was heard ended. The alleged abuse of discretion by the trial court was a matter that might have been timely urged but it was not a matter to be presented to the trial court at a subsequent term.

Appellants say that the order of November 20, 1959, granting the State's motion for new trial, was interlocutory and

not a final judgment for which reason the trial court had authority to grant their motion to set that order aside and to reinstate the judgment of November 12, 1959. This contention is answered adversely to appellants in Brannon v. Wilson, Tex.Civ. App., 260 S.W. 201, 203. There the court said:

"We conclude, therefore, that the order granting the new trial was a valid judgment, though perhaps the court proceeded irregularly and erroneously in such matter.

"The next question is whether the court had the power at a subsequent term to set aside the order granting a new trial. On general principles it might seem that the court did have such power. The order granting a new trial was not a final judgment. McCoy v. Texas Power & Light Co., (Tex.Com. App.), 239 S.W. [1105] 1111, 1114; Black on Judgments, §§ 21, 33 and 34. It is the general rule that until final judgment is rendered all interlocutory judgments are within the control of the court, and may be set aside even at a term subsequent to that of their rendition. McCoy v. Texas Power & Light Co., supra; Black on Judgments, §§ 306, 308; 15 R.C.L. p. 692, Sec. 144. But our Supreme Court has held, and that seems to be generally the holding of other courts, that an order granting a new trial may not be set aside at a subsequent term. Wells v. Melville, 25 Tex. 337; City of San Antonio v. Dickman, 34 Tex. 647; * * *."

In the cited case of Wells v. Melville the Supreme Court held that a trial court after granting a new trial at one term cannot rescind the order and enter judgment at a subsequent term. In City of San Antonio v. Dickman the Supreme Court held that the granting of a new trial reinstates the cause upon the docket as though no trial had been had and that at a subsequent term the court has no authority to entertain a motion to set the order aside.

Additional authorities in accord with the above holdings are: Arrington v. McDaniel, 119 Tex. 148, 25 S.W.2d 295. Jones v. Bass, Tex.Com.App., 49 S.W.2d 723. Consolidated Underwriters v. McCauley, Tex.Civ.App., 320 S.W.2d 60. Er. ref., n. r. e., certiorari denied 361 U.S. 14, 80 S.Ct. 109, 4 L.Ed.2d 52, 3 Tex.Jur.2d, Sec. 80 at p. 346.

Appellants argue that on this appeal from the final judgment rendered at the second trial that the order granting the new trial at the first trial may be reviewed. In Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, 1035 the court considered a factual situation different from that here presented however we think that as to the finality of the order in question here the following portion of the opinion in that case is applicable:

"When a motion for new trial, duly filed, original, or amended, has been overruled, whether by order of court or by operation of law, the court still has control over the judgment and power to grant a new trial until the expiration of 30 days from the date on which the motion was overruled. When that period has expired, the judgment is final, and the term of court is, as to the case, at an end."

Thirty days after the State's motion for new trial was granted the order became final. And the cause then stood on the docket as though no trial had ever been had. San Antonio v. Dickman, supra.

Appellants agree that the following three cases are in point on the question presented and that their holdings are adverse: Stout v. Hart, Tex.Civ.App., 202 S.W.2d 483, 485. M. W. Fruit Co. v. Bierbauer, Tex. Civ.App., 216 S.W.2d 831. Er. ref., n. r. e., and Equitable Life Assur. Soc. of the U. S. v. Murdock, Tex.Civ.App., 219 S.W.2d 159. Er. ref., n. r. e. Appellants say that in those cases the courts confused an appeal from a final judgment, in which there is assigned as error an interlocutory order,

with an appeal from an interlocutory order. We do not agree.

Supra we have noted the several dates material here; that the only action by appellants to the granting of the State's motion for new trial was an exception to the order; that more than thirty days elapsed from the date of the complained of order to the beginning of the second trial, and that in any event this appeal is from a final judgment entered at a subsequent term of court.

Rule 329–a, Texas Rules of Civil Procedure, governs motions for new trials in county courts. The provisions of that rule and what we have already said conclusively show that the order granting the State's motion for new trial became final, in any event, upon adjournment of the October 1959 term. The rule provides that motions for new trial "shall be determined at the term of the court, at which made," unless there is not five days remaining in the term after rendition of the judgment and a motion for new trial is not necessary as a prerequisite to an appeal.

The authorities first cited supra support the holdings in the Stout v. Hart, M. W. Fruit Co. v. Bierbauer and Equitable Life Assur. Soc. of the U. S. cases and overcomes appellants' criticisms of those cases.

■ We hold that the trial court's order granting the State's motion for new trial in the first trial is not subject to review here. In support of and applicable to our holding, we quote from Smith v. Pegram, Tex.Civ.App., 80 S.W.2d 354, 356, Er. ref.

"We have found no case where a proceeding after term time, such as this, to set aside a judgment valid on its face, has been approved, except where the ultimate issue was such as to enable the court to say that authority was lacking in the court to enter such judgment. Why shouldn't this be so? Any other conclusion would lead to the utmost confusion and result in

judicially amending our statute authorizing appeals, and open every judgment to suspicion of attack, though the time for appeal has passed."

Error is not presented by this appeal and the judgment of the trial court is affirmed.

Affirmed.

HUGHES, Justice (concurring).

I wish to limit my concurrence to the following:

The precise question here presented was decided by the El Paso Court of Civil Appeals in Equitable Life Assur. Soc. of the U. S. v. Murdock, 219 S.W.2d 159, 164, writ ref. N.R.E., Justice Sutton, for the Court saying:

"Under the seventh point we are asked to review the action of the trial court in granting a new trial after the first trial. The defendant in its brief concedes the matter of granting and refusing new trials is a matter within the discretion of the trial court and that no appeal lies from the order made granting the new trial, but it insists this court has the power now to consider the claimed error and to reverse the judgment rendered on the second trial and direct the reinstatement of the judgment first entered at the first trial. This we think may not be done. To do so would be to do indirectly what cannot be done directly. The concession disposes of the point. The right of appeal, the right to have reviewed and revised a judgment or order of a court, is a privilege only and does not exist as a matter of right but only when authorized by the Constitution or statutes. This right was once conferred, Acts 39th Leg. ch. 18, 1925, p. 45, but was revoked, Acts 40th Leg.1927, p. 75, now Art. 2249, Vernon's Statutes.

"The power to grant new trials is inherent in the Court, and that power will not be abridged even by statute

unless the intention to do so be apparent. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, at page 1083 (10–15), 48 A.L.R. 355.

"New trials may be granted in the interests of justice and not for errors of law only. Hagerty's Ex'rs v. Scott, 10 Tex. 525, 526, 46 C.J. 416, Sec. 472.

"It is said to be the general rule, unless the case comes within some special statutory provisions, neither an appeal, writ of error, nor exceptions will lie from an order granting or refusing a new trial, because addressed to the discretion of the trial court, or because not a final judgment or both. 4 C.J.S. Appeal and Error § 123, p. 244 [378].

"The greater latitude is allowed the trial court in granting than in refusing new trials, since in such cases the rights of the parties are not finally settled. There are many apparent reasons why the trial court is permitted to exercise so liberally this inherent power and discretion. The trial court having the parties, the witnesses and counsel before it, and the opportunity to observe their demeanor and conduct during the trial and to note all incidents occurring during its progress likely to affect the results of the trial, is better qualified to judge whether a fair trial has been had and substantial justice done than is the appellate court, it is said. Many of the considerations incident to a discussion of the question are interestingly set out by the eminent Judge in Sweeney v. Jarvis, 6 Tex. 36, cited by the defendant. The many reasons that might be assigned and that are to be found in the text books and authorities may well be the explanation for the failure of the Legislature to extend the right of appeal for so long a time, and why it so soon took it away after it was given."

Additionally and applicable to this case is Rule 326, T.R.C.P., which provides that not more than two new trials shall be granted either party because of "insufficiency or weight of the evidence."

This rule is the equivalent of express authority to the trial court to grant two new trials to each party for the reasons stated.

One of the grounds for granting a new trial here was "excessiveness of the verdict." Rule 328, T.R.C.P., expressly authorizes granting new trials when damages are manifestly too large or too small.

Under Rules 326 and 328, the action of the court in granting the first motion for new trial on the ground stated was authorized and valid. It could not possibly be erroneous.