1/IPSCOMB, J.
The first point presented for our consideration by the assignment of errors involves the legality of the ordergranting a new trial on condition that the defendants should pay all costs on or before the first day of the next succeeding term. It'is contended by the appellant’s counsel that an order for a new trial on such terms is a nullity and did not set aside the judgment., He relies in support of his proposition on the last clause in article 766 of the Digest. It is as follows: “All motions for new trials in arrest of judgment, or to set aside a judgment, shall be determined at the term of the court at which such motion shall be made.” It would seem that a compliance with this law must make the decision on the motion absolute and unconditional at the term at which it was entered; the leavingit to a contingency in pais not to happen until the first day of the next term was not authorized by law. There is nothing in this view of the law just referred to repugnant to the first part of article 763 of the Digest, that “ new trials may be granted in all civil cases on such terms and conditions as the court may direct.” It would have been competent for the court to have granted a new trial either with or without costs. It could hare directed the costs to abide the final judgment, or directed execution for the same ; but the question of new trial should have been definitely settled by the decision of the court.
The case cited by the appellant’s counsel from 1 J. J. Marsh. R., 479, seems to be very much in point. It says, “An order granting a new trial on the defendant’s paying the costs of the former trial twenty days before the next term of the court should be regarded as a nullity, even if the defendant had complied with the condition. Courts ought not to leave their judicial acts to depend on an act in pais, or to be controlled by ministerial officers. The party had a right as soon as the term expired to issue his execution.” In the.case under consideration 1 he court at (lie next succeeding term set aside and annulled the order for a new trial, and entered judgment again for the plaintiff on the verdict, assigning as a reason for so doing that the costs had not been *101 paid, but on a subsequent clay of the term set asido this last order and granted a new trial on the payment of the costs. It seems to me that the court below erred in the whole proceeding’s on the motion for a now trial; first, in granting it conditionally, and the condition not to happen until the first day of the succeeding term, in violation of the law requiring the motion to be disposed of at the term it is made; and lastly, in setting aside the order annulling and vacating' the conditional allowance of a new trial.
Note 32. — An order granting a new trial and taxing plaintiff with costs is valid. (Houston v. Starr, 12 T., 42-1.) where a new trial was granted upon condition, it was held that an objection to its validity was waived by a failure to object thereto at the succeeding term. (Gorman v. McFarland, 13 T., 237; San Antonio v. Dickman, 34 T., 647.)
I am very clear that, had there been no error in the previous proceedings, the court erred in refusing to allow the plaintiff a now trial after the last verdict. That verdict was founded on a receipt given bj’’ the plaintiff on an attempted compromise, which failed, and failed without any fault on the part of the plaintiff. It was fully explained by the evidence in relation to it. The receipt being out- of the way, there was no evidence to support the verdict. The court are of opinion that all the proceedings in the court below subsequent to the verdict" and judgment in favor of the plaintiff are null and-void, and are therefore set aside, and the first judgment shall remain in full force and effect, and appellee pay all costs.
'Ordered accordingly.