JANE A. GORMAN, ADM'X v. W. Y. McFARLAND, AD'MR.

Where a new trial has been granted upon condition that the party pay the costs on or before the next Term, if the opposite party intends to insist upon the nullity of the order, he must do so at the next Term or it will be considered as a waiver of the objection.

The District Court, in the exercise of equity jurisdiction, may grant a new trial or reinstate a case at a subsequent Term.

Where a new trial was granted to the plaintiff upon condition that he paid the costs on or before next Term, which he did, and the cause remained on the docket for several Terms, until the decision of Secrest v. Best came to the knowledge of the Court, whereupon the case was treated as no longer on the docket, and the plaintiff filed his petition setting forth the facts and asking for a reinstatement of the case, which was dismissed on exception, it was held that the case should have been reinstated.

Appeal from Washington.

R. Hughes, for appellant.

J. Sayles and J. E. Shepard, for appellee.

LIPSCOMB, J. The record shows that a trial in the Court below was had and a verdict rendered for the defendant, upon which a formal judgment was rendered. A new trial was asked for and granted, upon condition that the plaintiff should pay the costs, on or before the next Term. At the next Term the cost was paid, and the cause continued on the docket some-

thing like two years, until the Spring Term, 1853. In the mean time the original defendant, Saunders, departed this life, and the suit was revived in the name of his administrator, the present defendant, and other orders were made as if the case was still pending. At the Spring Term, 1853, the opinion of the Court, delivered at Galveston, in the case of Secrest v. Best (6 Tex. R. 199) having come to the knowledge of the Court, the case was treated as no longer on the docket; whereupon the plaintiff filed her petition, praying that the said action be reinstated on the docket. To this petition exceptions were filed, and upon hearing these exceptions, the same were allowed, and the petition dismissed, and appeal taken, and the judgment dismissing the petition assigned for error.

There should have been no difficulty in the Court below. The case of Secrest v. Best was correctly decided, that a conditional new trial was void; but all the consequences which are insisted upon as flowing from the decision, cannot be maintained. In all such cases where the Term at which the condition is to be performed is subsequent to that at which the new trial is granted, if it be intended to insist upon the nullity of the order granting the new trial, then should be the time to insist upon the objection. But it will not do to permit the parties by their acts to treat the case as in Court, for any period, and especially for a series of Terms, and then ask the enforcement of a rule by which the case would be regarded as no longer on the docket. The passing of a Term at which the objection ought to be made, should be regarded as a waiver of the objection, and the case of Secrest v. Best may be considered as modified by this opinion.

We have repeatedly decided that it is competent for the District Court, in the exercise of equity jurisdiction, to grant a new trial after the adjournment of a Court at which it should have been asked, and we have so decided in the case of Mussina v. Moore *et al.* at this Term. The facts presented by this case would be a strong case, if true, for the exercise of

Gorman v. McFarland.

this authority. The first and not the least important, is, that the order of the Court had led the party into the position he was placed in, by making the conditional order. The conditional order had been complied with, a new party made, and the cause continued for several Terms on the docket. All of these circumstances gave the plaintiff strong ground for a new trial; and if the facts stated in the petition are true, or the most material of them true, the case should have been reinstated upon the docket. We believe, therefore, that the Court erred in sustaining the exceptions to the plaintiff's petition; and the judgment is reversed and cause remanded to the Court below for its further action in conformity with this opinion.

Reversed and remanded.