## J. R. FENN ET AL. v. THE GULF, COLORADO & SANTA FE RAILWAY COMPANY.

### No. 2848.

**Conditions Imposed Upon Granting New Trial.**—Judgment was rendered for plaintiffs. The defendant filed a motion for new trial. Upon the motion the minutes of the court show: "The court is of the opinion that a new trial should be granted. It is therefore decreed by the court that defendant's motion for a new trial be and the same is hereby granted and judgment vacated. It is further  *  *  *  decreed that defendant pay all costs of witnesses in attendance at this term who testified in this cause as a condition upon which the *venire facias de novo* is awarded." *Held:*

1. That an order granting a new trial must be absolute.

2. Among definitions of the word "condition" is "something to be done," and in that sense the plural is synonymous with *terms*. This evidently is its meaning in article 1368, Revised Statutes, providing that "new trials may be granted  *  *  *  on motion, for good cause, on such terms and conditions as the court shall direct."

3. The word "condition" in the order is not used in its technical sense, but in the statutory meaning.

4. By the order it was not intended to make the grant of the new trial conditional upon the payment of the costs of witnesses for the term.

5. The order had the effect of granting a new trial.

APPEAL from Fort Bend. Tried below before Hon. J. R. Dickinson. The opinion states the case.

*Mitchell & Mitchell,* for appellants.—An order granting a new trial must be absolute and take immediate effect. In this case, the order being coupled with a condition which might be complied with by the defendant either then or at some future time, or not at all, at its option, was a nullity, and the original judgment remained in full force. Rev. Stats., art. 1372; Secrest v. Best, 6 Texas, 199; McKean v. Ziller, 9 Texas, 58; Gorman v. McFarland, 13 Texas, 237; San Antonio v. Dickman, 34 Texas, 647.

*J. W. Terry,* for appellee.— 1. The order or decree of the court granting a new trial was entirely unconditional, and took effect immediately, regardless of the subsequent portion of the court's order awarding the *venire facias do novo* upon condition that appellee would pay the witness fees. This was not a case in which the court had the power or in which there was any occasion to grant a *venire facias de novo*, and hence so much of the order as granted a *venire facias de novo* on condition should

be treated as surplusage and a nullity, which would leave the order of the court granting a new trial in full force and effect. 2 Burr. Law Dic., p. 578; 1 Bouv. Law Dic., p. 779; 3 Toml. Law Dic., p. 726; 6 Jacobs' Law Dic., p. 332.

2.   Construing the order of the court most favorably to the appellants, it granted a new trial upon condition that the appellee would pay the witness fees, not on or before the next term of the court, but at once; and hence the case does not fall under the rule of Secrest v. Best, 6 Texas, 199. In the absence of a positive showing to the contrary, it should be presumed that the court made an order which it had the power to make.   It is well established that the court may grant a new trial upon the condition of the payment of costs, provided it does not postpone the time of such payment to a subsequent term of the court; and the order of the court, in the absence of anything requiring a contrary construction, should be construed to be in accordance with the law, and to require the payment of the costs at the term of court then in session.   Houston v. Starr, 12 Texas, 424; 3. Gra. & Wat. on New Trials, p. 597, *et seq.;* Hayne on New Trials, sec. 166; Rev. Stats., art. 1368.

GAINES, Associate Justice. — This suit was brought by the appellants against appellee in the District Court of Fort Bend County, and at the Spring Term, 1889, was tried by the court without a jury and resulted in a judgment for appellants.   Appellee filed a motion for a new trial at the same term, and upon hearing the motion the court entered the following judgment:

"And now, on this 17th day of April, A. D. 1889, came on to be heard the defendant's motion for a new trial.   Both parties appeared by their attorneys, and upon argument had and the law in the case, the court is of the opinion that a new trial should be granted.   It is therefore ordered, adjudged, and decreed by the court that defendant's motion for a new trial be and the same is hereby granted and judgment vacated.   It is further ordered by the court, adjudged, and decreed that defendant pay all costs of witnesses in attendance at this term who testified in this cause already had, as a condition upon which the *venire facias de novo* is awarded."

At the next term the plaintiffs moved the court to strike the cause from the docket and to award them an execution on the judgment rendered in their favor at the former term.   The court overruled the motion, and plaintiffs declining to prosecute the cause further, dismissed the suit for the want of prosecution.   From the judgment overruling the motion and dismissing the cause this appeal is taken.

That an order granting a motion for a new trial must be absolute is well settled.   Secrest v. Best, 6 Texas, 199; Gorman v. McFarland, 13 Texas, 237.   If, therefore, the order in question in this case was condi-

tional—that is to say, was to take effect and become final upon the contingency of the defendant's paying the costs adjudged against it—it was a nullity, and the court should have granted the motion made at the next term to strike the case from the docket. But we do not so construe it. If the word "condition" had no other meaning except that in which it is used in the law of conveyancing, we might be constrained to hold that the order granting the new trial was to take effect only upon the contingency that the defendant should pay the costs. But such is not the fact. Among other definitions, Worcester gives its meaning as "something to be done," and in that sense when plural is synonymous with "terms." Worcester's Dic. It is evidently employed in this sense in the statute which provides that new trials may be granted.

Article 1368 of the Revised Statutes reads as follows: "New trials may be granted and judgments may be set aside or arrested on motion, for good cause, on such terms and conditions as the court shall direct." The statute in force when Secrest v. Best, *supra,* was decided contained the same language, and that decision holds, in effect, that the use of the word "conditions" did not warrant the granting of a new trial which was to take effect or be defeated by the happening of a future event. This is sufficient to show that the word "condition" in the order under consideration was not used in its technical sense. It should rather be inferred that the court used the word in its statutory meaning, since it was exercising the authority conferred by the statute, and may be presumed to have had the statute before it.

In the order we are considering it is announced that the court is of the opinion that the new trial should be granted. This is unconditional. The judgment is "that defendant's motion for a new trial be and the same is hereby granted and judgment vacated." This is absolute. And we think the subsequent entry meant no more than if it had read, "as the terms upon which the trial is granted, it is adjudged that the defendant pay the costs of the witnesses in attendance at this term." The word "terms," as signifying propositions or stipulations, or the conditions upon which an order of court is granted, is not used in the singular, and the fact that there was but one thing which was required to be done by the order suggests the reason why the word "condition" was used. We are clearly of opinion that it was not intended to make the grant of the new trial conditional, and that the court did not err in so holding.

The judgment is affirmed.

*Affirmed.*

Delivered March 4, 1890.