## James Barney v. William Love and Albert H. Schofield.

*Certiorari—Continuance—Conditions—Costs—Waiver—Contempt—Vacation of order—Attachment.*

1. *Certiorari* to review an order adjudging the petitioners guilty of contempt in refusing to pay the costs of a continuance is not a proper proceeding in which to raise questions relating to the taxation of said costs.

2. In the absence of a prompt waiver by the moving party of a continuance of a case, the order therefor must be regarded as absolute, and the clause respecting the payment of costs as indicating the terms upon which the continuance is granted, the words used being treated as words of agreement, rather than of condition.

3. The party in whose favor costs are granted on the continuance of the case may, on the refusal of the opposite party to pay the same, move either to vacate the order granting the continuance or for an attachment.[1]

*Certiorari* to St. Clair. (Vance, J.) Submitted on briefs April 27, 1894. Decided September 25, 1894.

Defendants bring *certiorari* to review an order adjudging them guilty of contempt in refusing to comply with an order of the court requiring the payment of costs as a condition to a continuance. Writ dismissed. The facts are stated in the opinion.

*John M. Kane* and *Thomas Wellman,* for petitioners.

---

[1] See Circuit Court Rule No. 56, which provides that "when a rule, order, or continuance is granted upon payment of costs, such costs, on being taxed, shall be paid on demand of the party, his agent or attorney; and if not so paid, on affidavit of the fact, such rule, order, or continuance may be vacated, or the court may grant an attachment therefor, with the accruing costs."

*Northup & O'Donnell*, for plaintiff.

McGRATH, C. J. A term of the St. Clair circuit court commenced April 3, 1893. This cause was regularly on the jury docket for that term. On May 10 defendants applied for a continuance, and the court granted an order—

"That said cause be continued for trial until the next term of this court, upon condition that said defendants pay to the said plaintiff all legal costs he has incurred for the present term, including an attorney fee of $5, on taxation thereof."

On the same day, plaintiff served upon defendants' counsel a bill of costs, with notice for the taxation thereof for May 13. On that day defendants appeared, and the costs were taxed. Thereupon defendants moved the court for a retaxation. On May 22 the court affirmed the taxation made by the clerk. On May 23 a demand for the payment of the costs as taxed was made upon defendants. On July 17, the costs not having been paid, affidavits of the fact were made, upon which an order to show cause was afterwards issued, and on October 3 the court found defendants guilty of a contempt of court, and ordered them into custody. Application was afterwards made to vacate the order last aforesaid, which was denied.

We do not regard this as a proper proceeding in which to review the questions relating to the taxation of costs.

The contention of the defendants is that the order for the continuance was not absolute, but was conditional, and that, upon refusal to pay the costs, plaintiff had the right to proceed. The defendants cannot be heard now, after the lapse of 13 days, during all of which time their acts indicated an acceptance of its terms, to insist that the order was a conditional one. Plaintiff was in readiness for trial. Defendants applied for a continuance, which

was granted on payment of costs. It was defendants' duty to then waive the continuance, if they did not desire it upon the terms suggested. It is not enough to say that the court was still in session May 23. Defendants had accepted notice of taxation of costs without question. Plaintiff was justified in assuming that the terms had been accepted. The costs to which plaintiff was entitled were costs as of that date. He was not entitled to tax the fees of witnesses detained after that date.

In the absence of a prompt waiver of the continuance, the order therefor must be regarded as absolute, and the clause respecting the payment of costs as indicating the terms upon which the continuance was granted. The words used must be treated as words of agreement, rather than of condition. *Pugh v. Kerr,* 5 Mees. & W. 167; *Horton v. Improvement Co.,* 7 Exch. 911; *Gilliland v. Rappleyea,* 15 N. J. Law, 138; *Fenn v. Railway Co.,* 76 Tex. 380. In such case the party in whose favor the costs are granted has the choice of remedies, and may move either to vacate the order or for an attachment. In *Henderson v. Circuit Judge,* 40 Mich. 244, the party upon whom the costs had been imposed promptly waived the continuance, rather than pay the costs.

The writ must therefore be dismissed, with costs.

The other Justices concurred.