## F. L. Town v. Charles Guerguin.

No. 915. Decided June 11, 1900.

**1. New Trial—Conditional Grant of.**

Article 1370 of the Revised Statutes, which is only declaratory of the common law previously in force, expressly authorizes our courts to grant new trials upon conditions; and where such order was upon condition that the party moving pay all costs before the close of the term it became absolute on his compliance with the condition. (P. 610.)

**2. Same—Conditions Performable After Term Distinguished.**

Since a motion for new trial must be disposed of during the term (Revised Statutes, article 1374), new trial can not be granted on conditions to be performed after adjournment; this was the ruling in Secrest v. Best, 6 Texas, 199, which is here distinguished from the case of a condition performed during the term. (Pp. 610, 611.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Solon Stewart* and *Dan Lewis,* for appellant.—An order setting aside a judgment by default which is dependent upon the contingency of the payment of the costs, and providing that if the costs are not paid the motion to set aside the judgment shall stand overruled, is void and of no force or effect. Rev. Stats., art. 5267; Fenn v. Railway, 76 Texas, 380; Hargrave v. Boero, 23 S. W. Rep., 403.

*J. D. Childs,* for appellee.—The court upon an application to open and vacate a judgment, may, in the exercise of its discretion, impose such terms upon the applicant as under the circumstances it may see fit. Rev. Stats., art. 1370; 15 Enc. of Pl. and Prac., 288, 336, 337, 360; Denison v. Chapman, 102 Cal., 618; Warden v. Patterson, 6 Dak., 83; Whitaker v. Parker, 2 Harr. (Del.), 413; Burhans v. Norwood Park, 138 Ill., 147; Cavanaugh v. Railway, 49 Ind., 149; Worth v. Wetmore, 87 Iowa, 62; Board of Education v. National Bank, 4 Kan. App., 438; Stewart v. Scully, 46 Kan., 491; Mattingly v. Railway, 92 Ky., 463; Heaps v. Hoopes, 68 Md., 385; Mabley v. Judge, 41 Mich., 31; Exley v. Berryhill, 36 Minn., 117; Young v. Bircher, 31 Mo., 136; Anaconda Min. Co. v. Saile, 16 Mont., 8; Howe v. Coldren, 4 Nev., 171; Oram v. Dennison, 13 N. J. Eq., 438; New York v. Smith, 61 N. Y. Super. Ct., 374; Fowble v. Walker, 4 Ohio, 64; Friese v. Homeopathic, etc., Co., 107 Pa. St., 134; Ormsby v. Conrad, 4 S. Dak., 599; Halter v. Spokane Soap Works Co., 12 Wash., 662; Magoon v. Callahan, 39 Wis., 141; Phœnix Insurance Co. v. Charleston Bridge Co., 25 U. S. App., 190; Ransom v. City of New York, 20 How., 581; 6 Enc. of Pl. and Prac., 217-220; Yost v. Minneapolis Harvester Co., 41 Ill. App., 556; Brown v. Brown, 37 Minn., 128; 1 Graham & Waterman on New Trials, 597 (ed. 1855); Hayne on New Trials, sec. 166, p. 494; Williams v. Brisco, 29 W. R., 713; Willett v. Atterman, 1 W. Bl., 35; Strait v. Cole, 51 S. W. Rep., 1092.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"This suit was brought by appellant in the ordinary form of an action of trespass to try title on June 8, 1899.

"On October 3d, the appellee (defendant below) having failed to appear or answer, though having been duly cited, judgment by default was rendered against him in plaintiff's favor for the land in controversy.

"On October 14th, appellee filed a motion to set aside the judgment, which was granted on the 28th of said month on condition that appellee pay all costs up to that date on or before the last day of that term of the court, and if the costs were not paid by that time, it was ordered that the motion be overruled.

"The last day of the term at which the order was rendered was December 2, 1899. Before that time, on November 16, 1899, the costs to that date were paid to the clerk of the court by appellee's attorney.

"On the second day of the next term, which began on the 4th of December, 1899, appellant filed a motion to strike the cause from the docket and for a writ of possession, on the ground that the order granting appellee's motion to set aside the judgment by default is a nullity. On January 20, 1900, the motion was overruled, and on the 29th day of the same month, the appellant having refused to further prosecute the suit, an order was entered dismissing the cause for want of prosecution. The appellant, having excepted to such order, has appealed therefrom.

"Question.—Did the order made by the District Court on the 28th of October, 1899, setting aside the judgment by default, become effective and operate as a new trial upon payment of the costs by appellee's attorney on November 16, 1899?"

We answer the question in the affirmative. It has been held generally that a court may grant a motion for new trial upon a condition to be performed thereafter, and in case the condition is not performed, the judgment which had been vacated will be restored. 15 Enc. of Pl. and Prac., 290; 1 Black on Judg., sec. 352; 1 Freem. on Judg., sec. 104; Hayne on New Trials, sec. 166, 496; Mabley v. Judge, etc., 41 Mich., 31; Willis & Co. v. Bank, 19 Ala., 141.

Article 1370 of the Revised Statutes is in the following language: "New trials may be granted and judgments may be set aside or arrested on motion for good cause on such terms and conditions as the court shall direct." This statute expressly authorizes our courts to grant new trials upon conditions, without defining what the conditions may be. It is declaratory of what the common law was before its enactment, and therefore we may look to that law to ascertain what is meant by conditions as used in the statute. Independent of the statute, the court might have granted a new trial in this case upon condition to be thereafter performed; for instance, that the defendant should not plead the statute of limitations to the action, or such other matter as it might deem necessary to attain the ends of justice.

Article 1374, Revised Statutes, provides that "all motions for new trials, in arrest of judgment, or to set aside a judgment, shall be determined at the term of the court at which such motion shall be made." The court can not continue a motion beyond the term at which it is filed. McKean v. Ziller, 9 Texas, 58. In the case of Secrest v. Best, 6 Texas, 199, the trial court had entered an order granting a new trial upon condition that the costs of the case should be paid at a time subsequent to the adjournment of that term of court, and the Supreme Court, quoting both of the articles above copied, said: "It would seem that a compliance with this law (article 1374) must make the decision on the motion absolute and unconditional at the term at which it was entered; the leaving of it to a contingency in pais not to happen until the first day of the next term was not authorized by law. There is nothing in this view

of the law just referred to repugnant to the first part of article 763 of the digest (article 1370, Revised Statutes) that new trials may be granted in all civil cases on such terms and conditions as the court may direct. * * * It seems to me that the court below erred in the whole proceedings on the motion for a new trial; first, in granting it conditionally, and the condition not to happen until the first day of the succeeding term, in violation of the law requiring the motion to be disposed of at the term it is made." The proposition deducible from the decision in the case just cited is that an order granting a new trial upon a condition to be performed after the court adjourns for that term would be void, because the motion for new trial must be disposed of with the adjournment of the court, and, not being disposed of, will be treated as discharged. This implies a holding that an order granting a new trial upon a condition subsequent which must happen before the adjournment of the court would be valid and the new trial would become effective upon compliance. If the court had intended to hold all conditional orders of the kind void, it would not have so carefully qualified the rule limiting its effect to conditions to be performed after the expiration of the term. Our answer to the question in this case is in harmony with the principles upon which Secrest v. Best was decided.

In the case of Fenn v. Gulf, Colorado & Santa Fe Railway Co., 76 Texas, 380, the court held that the order granting a new trial was not conditional, and that is the only issue there was in that case. There is no conflict between that case and this opinion. In the cases of Gorman v. McFarland, 13 Texas, 237, and San Antonio v. Dickman, 34 Texas, 647, the order granting new trial in each case was based upon conditions to be performed subsequent to the adjournment of the term of the court at which the motion was made, and those cases simply decided that the plaintiff in the judgment waived the objection by failing to present it at the first term after the condition should have been performed. The question decided in those cases is not involved in the one now before the court and it is unnecessary to discuss them, as they have no bearing upon this question.