RICHARDSON *v.* MICHIGAN BELL TELEPHONE CO.

1. CONTINUANCE—ACCEPTANCE OF CONDITION—ESTOPPEL.
    Where plaintiff accepted continuance on condition that, if he failed to pay defendant's costs within 10 days, judgment of nonsuit would be entered, plaintiff thereby lost right to attack condition imposed as abuse of discretion.

2. SAME—ABUSE OF DISCRETION.
    Where cause had been at issue for a year and a half, and defendant's counsel was urging trial and plaintiff's was avoiding it, it was not abuse of discretion to require, as condition for granting continuance on plaintiff's motion, that, if he failed to pay defendant's costs within 10 days, judgment of non-

suit would be entered, especially where defendant had paid plaintiff, through his attorney, substantial sum in settlement of suit.

Appeal from Macomb; Spier (James E.), J. Submitted October 8, 1931. (Docket No. 64, Calendar No. 35,836.) Decided January 4, 1932.

Case by Samuel S. Richardson against Michigan Bell Telephone Company for personal injuries received in an automobile collision. Judgment of nonsuit. Plaintiff appeals. Affirmed.

*Jacob A. Tolonen,* for plaintiff.

*Beaumont, Smith & Harris* and *Lungerhausen, Weeks, Lungerhausen & Neale,* for defendant.

FEAD, J. This is appeal from judgment of nonsuit and subsequent order. Plaintiff sued for damages for negligent injuries. Defendant pleaded the general issue and settlement and release. Plaintiff gave notice of claim that the release had been procured by fraud and duress.

December 15, 1930, plaintiff was granted a continuance to a time satisfactory to his counsel, evidently on claim that plaintiff was ill, defendant was allowed $65 taxed costs, and trial was ordered for January 5, 1931. January 2d, plaintiff again moved for continuance on the grounds that one of his counsel would be engaged in court elsewhere on January 5th, and that plaintiff's state of health prevented his undergoing the strain of a trial for at least two weeks. The court granted continuance on condition that, if defendant's costs of $65 were not paid within 10 days, judgment of nonsuit would be entered. Payment was not made, and the judgment was entered January 16th. January 15th, plaintiff filed

motion to set aside the order requiring payment of costs on penalty of nonsuit, on the ground that he was destitute and could not pay. The motion was noticed for January 19th, and denied.

Plaintiff contends the court abused its discretion in imposing terms upon continuance which plaintiff, because of poverty, could not meet. Defendant's right to costs, if continuance were granted, was clear. Plaintiff had the option of refusing continuance on the terms ordered or of accepting it. If he was not content with the conditions, he should have made his showing in opposition, refused to accept the continuance, and put his refusal and reasons upon the record for the purpose of review. The record does not indicate that he objected to the terms on any ground or that he refused the continuance. By accepting the continuance, he accepted its terms, and thereby lost his right to attack them as an abuse of discretion. 13 C. J. p. 194; *Barney* v. *Love,* 101 Mich. 543.

To avoid misunderstanding, it further should be said that the record does not show an abuse of discretion in the terms imposed. The cause had been at issue for a year and a half, defendant was urging trial, plaintiff's counsel were avoiding it, and the court properly refused to further extend the grace of continuance to plaintiff without just reimbursement of defendant, which already had paid plaintiff, through his attorney, a substantial sum in settlement of the suit.

Attention of the court is called to the fact that three important orders in the case do not appear upon the journal.

Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.