## McCURLEY v. TEXAS INDEMNITY INS. CO.
### No. 4053.

Court of Civil Appeals of Texas. Amarillo.
June 21, 1933.

Rehearing Denied Sept. 6, 1933.

James O. Cade, of Amarillo, for appellant.

Don Emery, R. K. Batten, and T. L. Dyer, all of Amarillo, for appellee.

JACKSON, Justice.

On December 16, 1930, the Industrial Accident Board of this state entered its final order against the Texas Indemnity Insurance Company, awarding to John B. McCurley $15.40 per week for not exceeding 401 weeks for injuries he claimed to have received while engaged in the discharge of his duties as employee of the Phillips Petroleum Company.

The Indemnity Insurance Company in due time filed cause No. 1854 in the district court of Hutchinson county for the 114th judicial district, to have said award vacated. John B. McCurley answered, filed his cross-action, and the insurance company replied thereto.

The cause was tried de novo in 1931 at the September term of said court, before the Hon. Clifford Braly, the regular judge thereof, and on October 3d during said term, in answer to special issues, the jury returned a verdict in favor of McCurley for $15.40 per week for a period of 12 weeks. Thereafter, on October 5th, McCurley filed his motion, asking that he be granted a new trial. On October 24th, in conformity to the answers of the jury to the special issues, judgment was filed and recorded in the minutes of the court in favor of McCurley. On the same day an order was filed and recorded in the minutes of the court granting a new trial. Subsequently, on October 27th, McCurley filed his amended answer and cross-complaint, and on November 9th the insurance company filed its motion to vacate and set aside the order granting a new trial, in which, after reciting briefly the history of the litigation, it is alleged that on October 13, 1931, the judge heard the evidence and argument on McCurley's motion for a new trial, took the same under consideration, but never announced his decision thereon in open court; that on October 20th the Honorable Clifford Braly, judge of the court, was stricken with a serious illness, and confined to his apartment in the courthouse until the 25th of October, on which day he was removed to Pampa; that on the afternoon of October 24th a purported order of said date was delivered to the clerk of the court granting a new trial, but that such order is void because the court was not in session, having adjourned on Tuesday the 20th, and never thereafter reconvened during the September term; that said term ended on the 20th by reason of the incapacity of the Honorable Clifford

Braly, due to serious illness; that no special judge was elected, and the purported judgment granting a new trial was never rendered by the court and never entered on the docket nor upon the minutes of the court during the September term; that such order was not signed by the judge, but was prepared by the court reporter, who signed the name of Honorable Clifford Braly thereto, who was at that time confined in his bed under the care of a physician, and not permitted to be seen by any one except his family and said court reporter, and was totally incapacitated to open or hold court or consider and pass upon business before the court; that on said day the judge was not on the bench, and no clerk, sheriff, or bailiff was present, and no judgment pronounced in open court; that such purported order is void on its face.

On the same day, November 9th, McCurley replied to the motion, alleging substantially that the order granting a new trial was dictated by the court and properly entered, but that it appeared from such order that a mistake or clerical error was made, as the new trial was apparently granted to the insurance company instead of himself. He asked that an order nunc pro tunc be entered correcting such mistake and confirming the order granting a new trial. The court denied this relief, and refused to enter an order nunc pro tunc correcting the judgment granting a new trial.

Subsequently, on December 4th, the judge heard and considered the motion of the insurance company, and ordered that the answer and cross-action of McCurley be stricken from the record, that the order granting a new trial in said cause be vacated, and all further proceedings in the cause abated, and provided that "the judgment of this Court on the verdict of the jury returned in open court on October 3, 1931, be and the same is hereby declared to be in full force and effect."

On May 14, 1932, McCurley instituted cause No. 2223 in the district court of Hutchinson county for the Eighty-Fourth judicial district, seeking a judgment maturing the entire award made to him by the Industrial Accident Board, with interest, attorneys' fees, etc. Thereafter, on November 2d, the insurance company filed its plea in abatement in said cause No. 2223, setting up the award, the suit to vacate it, the trial de novo, the verdict of the jury, the judgment of the court vacating the award of the Industrial Accident Board, the order granting a new trial, the motion to have such order annulled, the judgment annulling such order, and the action of the court in abating the suit in cause No. 1854. On December 19th thereafter, at a regular term of the court in Hutchinson county, the Honorable W. R. Ewing, presiding judge, sustained said plea and abated suit No. 2223, from which action of the court McCurley appeals.

Appellant contends, inasmuch as the decree granting a new trial in suit No. 1854 was made and entered at the September term of the court, and the judgment setting aside such order was made and entered at a subsequent term of the court, the action of the court in vacating the order granting a new trial was void for want of jurisdiction, and therefore subject to a collateral attack.

If the judgment granting a new trial was pronounced by Judge Braly at a time when he was not incapacitated by illness and before court adjourned and while court was in session, then such order was a judicial act declaring the decision of the court, and the contention of appellant appears to be sound. City of San Antonio v. Dickman, 34 Tex. 647; F. L. Town v. Charles Guerguin, 93 Tex. 608, 57 S. W. 565; Brannon v. Wilson (Tex. Civ. App.) 260 S. W. 201, and authorities cited; Green v. Green et al. (Tex. Com. App.) 288 S. W. 406; Bernstein et al. v. Hibbs et al. (Tex. Civ. App.) 20 S.W.(2d) 838, 839.

The testimony on which the court decreed at a subsequent term that the order entered at the September term granting a new trial was void is not before us. The record, however, discloses the alleged facts relied on by the insurance company to authorize such decree and the decree that was entered, and we must presume in support of such decree that the testimony warranted the court in finding the material facts as alleged.

The judgment granting a new trial was not void on its face, as the court may, during the same term, grant a new trial on its own motion. The failure of the court to affix his name to the order would not invalidate it. The Honorable W. I. Gamewell, acting as special judge at the subsequent term of the court, not having tried cause No. 1854 at the September term of court, nor granted the motion for a new trial, was not in a position to act on his own motion, but in setting aside the order granting a new trial must have acted on the facts alleged and proved.

Assuming the facts to be true as alleged, the September term of court adjourned on October 20th because of the incapacity of Judge Braly due to serious illness. No special judge was elected, court was not reconvened at said term, and the purported order granting a new trial was not the decision or judgment of the court, and was not entered as such on the minutes during the September term. Under these facts, the court had jurisdiction at the subsequent term to make the minutes of the court speak the truth relative to the decisions of the court and the judgments entered at a preceding term. Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040.

The appellant, however, urges in effect that, if the facts we have assumed in support of the judgment setting aside the order grant-

ing a new trial at the subsequent term invalidated the order granting a new trial, the same facts disclose that no judgment was ever pronounced by the court on the verdict of the jury, none entered on the minutes of the court at said term, and hence there is no final judgment by the court awarding to appellant a recovery.

The record discloses that the judgment decreeing the appellant a recovery of $15.40 per week for 12 weeks was filed October 24, 1931, and concludes: "Entered this the 24th day of October, 1931"; that the motion granting a new trial was filed and entered on the same date. Cause No. 1854 was submitted to the jury on special issues.

"On a general verdict the judge simply enters upon his docket the fact of its return and the judgment follows as a matter of course; but in the case of a special verdict, the judge receives and passes on it, determining what the judgment shall be, and renders judgment thereon—that is, he pronounces the judgment which the clerk shall enter. Where the cause was tried on special issues, the law is not determined by the special verdict, nor are the rights of the parties fixed thereby; the Court must announce the judgment—the legal conclusions thereon." 25 Tex. Jur. 426, § 59.

"A judgment must, of course, be rendered and entered at the time authorized by law; otherwise it is erroneous if not void. Thus in the absence of a statute so permitting a judgment may not be entered during vacation. * * * Inasmuch as the judgment is entered by the clerk under the direction of the judge, the clerk's authority to make the entry ceases upon the adjournment of the term. If, however, he should fail to perform his duty during the term, the judge may subsequently direct the making of a proper entry nunc pro tunc." 25 Tex. Jur. 429, § 62.

It will be noted that the judgment entered at the subsequent term of court vacating the order granting the new trial and striking appellant's pleadings does not purport to be a judgment nunc pro tunc, but provides that the judgment on the verdict of the jury returned in open court is declared to be in full force and effect.

Under the facts we have assumed as the basis of the judgment of the Honorable W. I. Gamewell, special judge, at the subsequent term of the court, vacating the order granting the motion for a new trial, there was no final decision of the court on the special findings, no judgment thereon, and the purported judgment in favor of the appellant was not entered during the September term of court, and therefore no final judgment has yet been made and entered in favor of appellant and no judgment to be continued in full force and effect.

It does not follow, however, that the judgment of the court from which this appeal is prosecuted in cause No. 2223 should be reversed, because, if our conclusion is correct, there is a suit still pending between the parties which involves the same subject-matter, and cause No. 2223 was properly abated. If there had been a final, subsisting judgment in favor of appellant in cause No. 1854, the court was likewise correct in abating cause No. 2223.

The judgment is affirmed.