Thomas YATES, Appellant,

v.

EQUITABLE GENERAL INSURANCE COMPANY OF TEXAS, Appellee.

No. 01–83–0400–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 9, 1984.

Rehearing Denied May 23, 1984.

John G. Patterson, James W. Patterson, Patterson & Patterson, Houston, for appellant.

Jeffrey H. Marsh, James F. Hudgins, Hudgins, Hudgins & Warrick, Don Wills, Bean, Francis & Wills, Houston, for appellee.

Before JACK SMITH, DUGGAN and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

This is an appeal from a summary judgment rendered in favor of the appellee insurance carrier in a worker's compensation case based on the appellant's failure to file his claim for compensation within six months from the date of injury. The judgment is reversed and the cause remanded for trial.

The appellant sustained an injury in Harris County, on June 16, 1981, and the Industrial Accident Board awarded him compensation on August 20, 1982. The appellee then filed suit in Harris County on August 23, 1982, to set aside the Board's award. The appellant, a resident of Van Zandt County, answered, and also filed a cross-action alleging, *inter alia,* that if the claim for compensation was not timely filed then good cause existed for such failure. The following day, on August 24, 1982, the appellant filed suit in Van Zandt County, also attempting to appeal the Board's award. The appellee's answer to the Van Zandt County lawsuit contained verified denials that the appellant's claim for compensation had been timely filed. Subsequently, the district court in Van Zandt County granted the appellee's plea of privilege and ordered that the cause be transferred to Harris County.

On February 28, 1983, the appellee filed its motion for summary judgment based on the appellant's failure to file his claim for compensation within six months from the date of injury. The summary judgment hearing was scheduled for March 21, 1983; however, at the request of the appellant, the appellee agreed to postpone the hearing for an additional week. At that hearing, the appellant, for the first time, and without leave of court, tendered a response to the appellee's motion for summary judgment. The court refused to consider the appellant's late response and granted the appellee's motion for summary judgment. On May 9, 1983, a hearing was held on the appellant's motion for new trial, which had been filed on April 30, 1983. The trial judge issued an interlocutory order granting the appellant a new trial conditioned upon the payment of five hundred dollars in attorney's fees to the appellee's counsel. However, upon the appellant's failure to comply with that condition, his motion for new trial was denied.

The appellant's first of four points of error alleges that:

The trial court erred in granting defendant's motion for summary judgment because defendant's proof was legally insufficient to support the granting of the summary judgment.

The appellee's motion for summary judgment was predicated upon the late filing of the appellant's claim for compensation. As relevant to the determination of this point of error, Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a (1947) provides:

Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, *and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury* or of the distinct manifestation of an occupational disease; ... *For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board.* (Emphasis supplied).

It is undisputed that the appellant failed to file his claim for compensation within the requisite six month period from the date of injury. However, the appellant urges:

1) that the appellee failed in its burden of proof since it failed to negate the possible existence of good cause for late filing; and

2) that the appellee's summary judgment evidence was legally insufficient.

We disagree.

■ The appellant argues that "just proving late filing is not enough", and that to support a summary judgment in a case such as this, the movant "must also [show] that no good cause for late filing exists." Although this additional showing may have been required in the past, the Texas Supreme Court decision in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) has now precluded this argument. Therein, the following oft-cited language appears:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement, such as those set out in rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. *No longer must the movant [appellee herein] negate all possible issues of law and fact that could be raised by the non-movant in the trial court but were not. Id.* at 678. (Emphasis supplied).

Thus, the *Clear Creek* lesson with respect to late filing in compensation cases is that the carrier need not negate the possible existence of good cause for late filing as part of his summary judgment burden; that issue, along with any others which would preclude a summary judgment, must now be raised by the non-movant. Indeed, the Texas Supreme Court momentarily considered this precise problem in *Clear Creek* by way of dictum:

> In cases such as *Torres v. Western Cas. & Sur. Co.*, 457 S.W.2d 50 (Tex.1970)

(existence of good cause for late filing of worker's compensation claim), ... the non-movant [appellant herein] must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal.

The appellant cites *Torres* for its pre-*Clear Creek* proposition, but his reliance on it, as well as reliance on other cases cited for the earlier proposition, is misplaced.

The appellant also urges that the appellee's summary judgment evidence was "legally insufficient." We disagree.

■ Attached to the appellee's motion for summary judgment was an affidavit signed by the secretary and custodian of the records of the Industrial Accident Board. Therein, it was certified that the photocopy of the appellant's claim for compensation showing an injury dated June 16, 1981, was a true and correct copy; also, that the above form was received and filed with the IAB on May 3, 1982. Thus, it was immediately apparent that more than 10 months had passed from the date of injury to the May 3, 1982, filing date.

The appellant cites no authority which indicates that the above summary judgment evidence is insufficient; we hold that such evidence, for summary judgment purposes, is sufficient to establish that the appellant's claim was not filed within the six month provision of art. 8307, § 4a, *supra*. The appellant's first point of error is overruled.

The appellant's second point of error alleges that:

> The trial court erred in granting defendant's motion for summary judgment because the defendant's unsworn pleadings were legally insufficient to raise the issue of late filing as a defense to plaintiff's cause of action.

The appellant contends that the issue of late filing was not before the trial court because the defendant failed to file a veri-

fied denial as required by Tex.R.Civ.Pro. 93, which provides, in relevant part:

*Rule 93. 'Certain pleas to be verified'*

\*    \*    \*    \*    \*    \*

Section (n) 'In the trial of any case appealed to the Court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

(1) Notice of Injury;

(2) Claim for Compensation;

\*    \*    \*    \*    \*    \*

(7) That there was good cause for not filing claim with the Industrial Accident Board within the six months' period provided by statute.

The transcripts disclose that the appellant filed suit in Van Zandt County on August 24, 1982, and the appellee filed an answer which contained verified denials of timely filing as required under Rule 93(n). On November 23, 1982, the district court in Van Zandt County granted the appellee's plea of privilege and transferred this cause of action to Harris County to be filed with the pending Harris County suit. On December 17, 1982, the pleadings, including the appellee's verified denials from the Van Zandt County appeal, were filed and included in this Harris County suit.

With respect to the existence of this verified denial among the papers of the Harris County suit, the appellant argues that, in substance, the appellee filed a "plea in abatement" rather than a "plea of privilege" in Van Zandt County, and, therefore, the proper disposal of that plea, if granted, was "dismissal", rather than transfer. The result in such a situation, according to the appellant, is that the verified denial was not transferred to Harris County, and, therefore, the appellee failed to comply with Tex.R.Civ.Pro. 93(n).

■■■ We are not so persuaded. A plea of privilege, rather than one in abatement, was filed in Van Zandt County. This determination is evidenced by the substance of the plea itself, by the docket sheet entry, and by the order of the district court judge granting the plea. The appellee challenged venue by filing a plea of privilege and this is the proper method of placing venue in issue. *Texas Highway Dept. v. Jarrell,* 418 S.W.2d 486 (Tex.1967); *Andrews v. Utica Mutual Insurance Co.,* 647 S.W.2d 22 (Tex.Civ.App.—Houston [1st Dist.] 1982, no writ). As such, when the plea of privilege was granted, the pleadings filed in Van Zandt County, including the verified denial, were properly included in the Harris County case.

The appellant's second point of error is overruled.

The appellant's third point of error alleges that:

The trial court erred in granting defendant's motion for summary judgment because there was an abuse of discretion on the part of the trial court in not considering the plaintiff's response to defendant's motion for summary judgment and the affidavit of plaintiff.

Tex.R.Civ.Pro. 166–A, provides, in relevant part:

(c) *Motion and Proceedings Thereon.* The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing, may file and serve opposing affidavits or other written response.

The appellant first tendered a response to the appellee's motion for summary judgment on the hearing date of said motion. *Neither a motion for leave to file the late response nor a motion for continuance of the hearing was requested by the appellant at that time.* The trial court refused to consider the appellant's untimely response and granted summary judgment in favor of the appellee.

■ A trial court's refusal to allow a late response to a motion for summary judgment will not be disturbed on appeal absent a clear showing of abuse of discretion. *Rhodes v. City of Austin*, 584 S.W.2d 917 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Ervin v. Gerber Life Ins. Co.*, 566 S.W.2d 45 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). The appellant has failed to demonstrate such an abuse of discretion. The record is clear that the appellant had the full statutory period in which to serve his response and failed to do so. It is equally clear that the appellant did not file a motion for leave to untimely file his response, or request a continuance. In light of this lack of diligence in filing a response, the appellant is in no position to complain that the trial court abused its discretion. With respect to these broad discretionary powers of a trial judge, it is "incumbent upon all movants and respondents to devote particular attention to the time limits applicable to summary judgment practice." Hittner, *Summary Judgments in Texas, 1981 Annual Survey*, 21 So.Tex.L.J. 1 at 15.

The appellant's third point of error is overruled.

The appellant's fourth and final point of error alleges that:

The trial court erred in granting defendant's motion for summary judgment in conditioning the granting of plaintiff's motion for new trial upon the payment of attorney's fees to opposing counsel.

■ The appellant contends that the trial court erred in entering an interlocutory order which conditioned the granting of the appellant's motion for new trial upon the payment of five hundred dollars in attorney's fees to the appellee's counsel. He asserts that because he could not meet this condition, his motion for new trial was improperly denied. We agree with this contention.

The appellee refers this court to Tex.R. Civ.Pro. 320, which provides, in relevant part:

New trials may be granted and judgment set aside on motion for good cause, *on such terms as the court shall direct.* (Emphasis supplied by the appellee).

It is the appellee's position that the above rule "gives the Trial Court wide discretion in deciding the terms and conditions upon which a new trial is to be granted." A similar argument, however, failed to persuade the Fort Worth Court of Civil Appeals in *Continental Oil Co. et al v. Henderson et al,* 180 S.W.2d 998 (1944, writ ref'd w.o.m.). Therein, it was held that the trial court could not annex as a condition to the order granting a new trial a requirement that the appellant pay a portion of the appellee's attorney's fees and expenses in maintaining the suit. The Fort Worth Court stated:

... as we see this case, the vital question to be determined is whether or not the trial court had the power, or authority, to impose the terms and conditions that were incorporated in the order quoted above.

Appellees bottom their right to the imposition by the trial court of the terms and conditions made, on the provisions of Rule 320 of Rules of Civil Procedure. This Rule grew out of and supersedes Article 2232 of Texas Revised Civil Statutes, now repealed.

It is conceded that no case has been reported, in the published reports of cases appealed in Texas, in which any such terms and conditions as those found in the instant suit were ever imposed or upheld; but appellees contend that the Rule is broad enough to cover the matters complained of here. *Id.* at 1001, 1002.

The appellee cites *Town v. Guerguin*, 93 Tex. 608, 57 S.W. 565 (1900), wherein the trial court granted a new trial upon the condition that the defendant pay all *costs* up to the date or before the last day of that term of court. In upholding the trial court's order, the Supreme Court concluded that the trial court was within the authority granted to it by the language of Tex. Rev.Civ.Stat. art. 1370, which employed the same language as presently used in Rule 320, *supra.* However, in *Continental Oil*

*Co., supra,* a case factually closer to the case presently before this court, the following treatment was given the *Town* case:

> We are of the opinion that the holdings in *Town v. Guerguin,* 93 Tex. 608, 57 S.W. 565; *Fenn v. G., C. & S.F. Ry. Co.,* 76 Tex. 380, 13 S.W. 273, and similar holdings are not authority for the trial court to impose upon the defendants, in this case, the "conditions", or "terms" whereby they are required to reimburse the plaintiffs for the expenses to which plaintiffs were put in the bringing and prosecution of the suit, and to pay plaintiffs' attorneys the fee that was fixed by the trial court upon presentation and hearing of the motions for a new trial. We do not believe that the old statute, out of which Rule 320 grew, or said rule, ever was intended to give the trial court the authority or power that was exercised in this case.

*Continental Oil Co., supra,* at 1002. Also see Annotation: Conditioning the setting aside of judgment or grant of new trial on payment of opposing attorney's fees, 21 ALR 2d 863 (1952).

Although we recognize, in this particular situation, that the trial court attempted to balance the equities of preserving the appellant's cause of action versus the inconvenience sustained by counsel for the appellee, we hold that it was without authority to impose this kind of condition. If the motion for new trial had substantive merit, payment of opposing counsel's fee was immaterial. The appellant's fourth and final point of error is sustained.

The judgment is reversed, and the cause is remanded for trial.

For Publication. TEX.R.CIV.P. 452(b).